BERTIE SECOR, Administrator, H. S. KURTZ, Ancillary Administrator, Appellees, v. ELIZABETH SIVER, JAMES E. SIVER et al., EDW. SIVER and FRANK SIVER, Appellants.

**Judgments:** CONCLUSIVENESS. A judgment, whether foreign or domestic, is conclusive upon the parties as to every issue which was or should or might have been raised in the case; except as to a counterclaim which might have been interposed in the main case, or if pleaded was dismissed without prejudice.

**Actions:** COUNTERCLAIM. A pure defense to an action is one denying plaintiff's right to recover at all, or asserting a discharge of liability; while a counterclaim is a cause of action in favor of defendant and against the plaintiff, which may arise out of and be connected with the subject matter of plaintiff's action, or it may be a distinct cause of action, provided it might have been maintained when suit was brought by plaintiff, or which was then held by defendant whether matured or not, if matured when pleaded.

**Same:** FRAUD AS A COUNTERCLAIM. A counterclaim for fraud and deceit in the sale of land may be interposed in an action to foreclose a mortgage on the land given by the purchaser as part of the purchase price.

**Same:** LIMITATIONS: SETOFF. A counterclaim, though barred as an independent cause of action, may be interposed as a setoff to plaintiff's claim to the amount of his claim.

**Pleadings:** FRAUD: JUDGMENTS: CONCLUSIVENESS. Where an administrator in a suit upon a foreign judgment pleaded that the judgment was for part of the purchase price of land which defendant was fraudulently induced to purchase, asked damages and that the amount thereof be setoff against the amount of the judgment, the fraud thus pleaded was not as a defense to the action but as a setoff, and was not concluded by the original suit.

**Action for fraud:** FOREIGN LAWS: COUNTERCLAIM. In the absence of proof to the contrary the laws of a foreign state will be presumed to be the same as of this state; and under the law of this state an action for breach of warranty, or for fraud and deceit, may be pleaded in defense of the main suit, by counterclaim, or the defend-

ant may reserve the same for a future action. Thus the recovery of judgment for the purchase price of land will not prevent the buyer from subsequently bringing an action for fraud in the sale, unless he has actually tendered that issue in the main suit.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

TUESDAY, APRIL 14, 1914.

ACTION upon a foreign judgment. Defendants interposed various defenses, to some of which plaintiffs demurred. The demurrer was sustained, and exception taken, and the case went to trial upon the remaining issues, resulting in a judgment and decree for plaintiffs, and defendants appeal.—*Reversed* and *Remanded.*

*Redmond & Stewart,* for appellants.

*E. A. Johnson,* for appellees.

DEEMER, J.—The action is upon a judgment rendered in the state of New York, in a suit by Margaret J. Secor, administratrix, against Elizabeth and James E. Siver, on August 28, 1895; it being a deficiency judgment, amounting, as is alleged, to the sum of $1,709.58. Margaret Secor died, and plaintiff was substituted as administrator in the courts of New York.

The cause of action was originally held by John S. Secor, deceased. This suit is in equity, for the reason that certain conveyances made by James E. and Elizabeth Siver to their sons, Ed and Fred Siver, also defendants, were alleged to have been made to hinder, delay, and defraud plaintiffs of their rights. An ancillary administrator was appointed in this state, and this administrator is joined as a party plaintiff.

Among other defenses, the principal defendants pleaded that the judgment was based upon a note executed to John F. Secor by James E. and Elizabeth Siver, as the purchase price

of certain real estate in the state of New York, which note was secured by mortgage upon the said real estate. They also pleaded that Secor obtained the note by fraud, and misrepresentations in the sale of the land, and that he;

Taking advantage of their circumstances, and with the intention to overreach cheat, and defraud these defendants, knowingly and wilfully misrepresented said property to be of great value, to wit, from $3,500 to $4,000, that the farm was fertile, that the orchard was thrifty, thriving, and productive, and that the mill was in much demand and a money maker, and that the apple orchard was a guarantee of permanent prosperity and pastoral joy; that all of said representations were false, and were known by the said John F. Secor, at the time of their making, to be false, and were made with the intention to deceive and mislead the defendants, and the defendants were deceived and misled thereby; that said property, by reason of nonuse and misuse and neglect, was worth no more than $1,000; that the dwelling house was much decayed and deteriorated by reason of nonuse, leaky roof, and unfastened windows and doors; that the principal parts of the machinery of the sawmill were broken and valueless; that there was no trade in the vicinity for a sawmill; and that the apple orchard had been, by reason of neglect, riddled and devastated by tree pests and borers, all of which facts were unknown to these defendants, and not observable from external appearances to the unpracticed and unexperienced observer; that these answering defendants believed the representations of the said John F. Secor, and relied thereon, and believed that the said premises were actually worth in excess of $3,500, and, acting on such belief, induced by the said John F. Secor fraudulently and with the fixed and set purpose and design of cheating and defrauding these defendants, these defendants exchanged for said real property their homestead in the village of Altamont, of the value of $1,500 less incumbrance thereon of $700, and made, executed, and delivered to the said John F. Secor their promissory note in the sum of $2,300, secured by a first mortgage on said mountain side farm and orchard, which mortgage was thereafter recorded in the office of the clerk of the county of Albany, state of New York, on the 18th day of January,

1893, in Book 405 of Mortgages, on page 116; that these answering defendants went upon said premises and made betterments thereon in the way of repair and renewal of the dwelling house and buildings, and labor in drainage, fencing, and attempted cultivation of the orchard, and renewal of new fruit trees, at a total expense of more than $800; that, in truth and fact, the orchard on said premises was ruined by borers and tree pests and said lands were otherwise unproductive, and, after spending their money, time, and labor, were unable to make their living and meet the accumulating interest on the mortgage given to the said John F. Secor and the taxes, and were obliged to abandon said premises; that, as these answering defendants say on information and belief on the foreclosure sale in the foreclosure of the note and mortgage given by these answering defendants to John F. Secor, said premises sold on the open market for only $1,000, being the sum paid by the said John F. Secor, or his successors in interest, and were thereafter sold by the said John F. Secor, or his successors in interest, for the sum of $1,050; that said premises were worth the sum of $1,000 and no more, at the time they were purchased by these defendants from the said John F. Secor; and the said promissory note of $2,300 given by these defendants to the said John F. Secor, and upon which the alleged judgment claimed by the plaintiffs was thereafter rendered, as these answering defendants aver, on information and belief, was procured from them by the said John F. Secor without any consideration, and fraudulently, over and above the difference between the value of said farm lands, to wit, $1,000, and the equity in these defendants' homestead, $800, to the damage of these defendants in the sum of $2,100, no part of which has ever been paid; and that claim therefor is now the property of these defendants, and was the property of these defendants at the rendition of the judgment in the state of New York, herein declared upon. Wherefore these answering defendants pray judgment offsetting their damages as aforesaid as against any right or claim upon the part of the said John F. Secor, or his successors in interest, if the said John F. Secor is shown to be now deceased; and that the pretended judgment, if judgment has been rendered in favor of the said John F. Secor, or his successors in interest, against these answering defendants be declared null and void, canceled, satisfied, and

discharged; and that the said John F. Secor, or his successors in interest, be forever barred, foreclosed, and estopped from having, claiming, or declaring upon any right, title, or interest, growing out of any claim based upon the note and mortgage of these answering defendants given to said John F. Secor as aforesaid; and for such other and further relief as the defendants may show themselves entitled to.

The other defendants filed a general denial.

Plaintiffs demurred to that part of the answer quoted, and their demurrer was sustained, and defendants excepted. The case then went to trial on the other issues, and a decree was finally rendered for plaintiff, as prayed.

The main question in the case is the correctness of the ruling on the demurrer. The jurisdiction of the New York court is not attacked, and it is a general rule of law that

1. JUDGMENTS: conclusiveness. a judgment, whether foreign or domestic, is conclusive on both parties as to every issue which was or should or might have been made in the case. It it also true that a judgment is not determinative of a counterclaim or a set-off which might have been interposed in the main case, but which was not, in fact, pleaded, or, if pleaded, was voluntarily dismissed without prejudice. *Folsom v. Winch*, 63 Iowa, 477.

The main defendants to this suit might have pleaded the fraud in the action brought against them in the state of New York, but, under our statutes, one defrauded, as defendants

2. ACTIONS: counterclaim. allege they were, may rescind the contract for fraud and plead this fraud in defense, or he may retain the property and plead the fraud as a counterclaim or set-off; but he is not required to do so. A pure defense goes to the right of plaintiff to recover at all, or to the fact that the liability is discharged; while a counterclaim or set-off may be a cause of action in favor of defendants, against plaintiff, arising out of the transactions set forth in the petition or connected with the subject of the action, or it may be an entirely distinct cause of action, held by defendants against

the plaintiff, provided it was one which might have been brought when the suit was commenced, or which was then held either matured or not, if matured when pleaded. Code, section 3570.

We have expressly held that a set-off or counterclaim for fraud and deceit in the sale of property may be interposed in an action to foreclose a mortgage. *Moberly v. Alexander*, 19 Iowa, 162. Fraud may also be interposed as a defense to a contract, but, unless there be a claim of rescission, or unless the fraud will defeat all recovery, it is not necessary to interpose it as a defense. Indeed, it is not, as a rule, defensive in the absence of a rescission. These propositions seem to be well settled by our cases. See *Conly v. Scanlin*, 109 N. W. 300; *Jones v. Witousek*, 114 Iowa, 14; *Ferguson v. Epperly*, 127 Iowa, 214.

3. SAME: fraud as a counterclaim.

Again, even if the counterclaim be barred, or, by reason of the circumstances, could not have been allowed by the administrator, or been made the basis of an independent suit, it may, to the amount thereof, be used as an offset against plaintiff's claim. *Folsom v. Winch, supra; Ware, Adm'r, v. Howley*, 68 Iowa, 633. Moreover, although the action be upon a foreign judgment, defendants had the right to interpose a counterclaim. *Rogers v. Gwinn*, 21 Iowa, 58.

4. SAME: limitations: set-off.

It is claimed, however, that the allegations of the answer do not amount to a counterclaim, set-off, or recoupment, but simply to an affirmative defense which should have been pleaded in the main case. This is really the determinative feature of the case, and the pleading should be carefully scanned with this thought in mind. It is true that there is no prayer for judgment, for the amount of damages sustained; but, as this suit is by an administrator or administrators, no such relief could have been obtained on the counterclaim. Moreover, there might be some question as to the claim being barred by the statute of limitations, in which event defendants could

5. PLEADINGS: fraud: judgments: conclusiveness.

only use their counterclaim as an offset to plaintiff's claim upon the judgment. It is stated that this division of the answer is pleaded as a complete defense, offset, and bar to any right or claim of the plaintiff. Damages are alleged in the sum of $2,100, and judgment is asked offsetting their damages against plaintiff's judgment. It thus clearly appears that defendants pleaded the fraud, not as a defense, but as an offset to plaintiff's judgment. This, as we think, they had a right to do.

Of course, the validity and effect of the judgment must be determined by reference to the laws of the state where rendered; but, in the absence of proof to the contrary, the laws of a foreign state are presumed to be the same as our own, and, under our decisions, a breach of warranty or damages for fraud and deceit may either be pleaded in defense to the main suit, or, at- the defendant's election, may be made the subject of counterclaim, or reserved for a future action after plaintiff has recovered on his main suit for the purchase price. Of course, the merits of the main case cannot be reinvestigated, by reason of the provision of the federal Constitution (section 1, art. 4). *Storage Co. v. Gottstein,* 123 Iowa, 267; *State v. Helmer,* 21 Iowa, 370. Decisions from other states seem to support our rule that the recovery of judgment for the purchase price by the seller does not prevent the buyer from thereafter bringing an action for damages for false and fraudulent representations in the sale, unless he actually tenders this issue in the main suit. *Hunt v. Brown,* 146 Mass. 253 (15 N. E. 587); *Woody v. Jordan,* 69 N. C. 189; *McCord v. Levi,* 21 Tex. Civ. App. 109 (50 S. W. 606); *Miller v. Jones,* 29 Ala. 174; *Dilley v. Ratcliff,* 29 Tex. Civ. App. 545 (69 S. W. 237); *Ward v. Boyce,* 152 N. Y. 191 (46 N. E. 180, 36 L. R. A. 549); *Mimnaugh v. Partlin,* 67 Mich. 391 (34 N. W. 717); *City Bank v. Gardner,* 5 Ky. Law. Rep. 682; *Rogers v. Rogers,* 15 B. Mon. (Ky.) 364.

By section 3440 of our Code it is expressly provided that

6. ACTION FOR FRAUD : foreign laws : counterclaim.

the obtaining of a judgment at law does not prevent the recovery of any claim, though such claim might have been used by way of counterclaim in the action in which the judgment was recovered. This statute has been applied in some of the cases cited *supra,* especially in the *Jones* case. See, also, *Fairfield v. McNany,* 37 Iowa, 75.

Plaintiffs neither pleaded nor proved any other rule in the state of New York, where the judgment was rendered, so we must presume it to be the same as our own. Appellees' motion to strike appellants' denial of abstract, etc., is overruled.

It follows from what we have said that the trial court was in error in sustaining the demurrer, and the decree must be reversed, and the cause remanded for further proceedings in harmony with this opinion.

*Reversed* and *Remanded.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concur.