M. D. SMITH, Guardian, Appellee, v. IVA CRETORS, Appellant.

**JUDGMENT:** Conclusiveness—Parties Concluded—Joint Defend-
1 ants. A nonfraudulent decree, which specifically adjudges that
plaintiff has absolute title and that neither of two joint defend-
ants has any title, *which latter part of the decree was squarely
within the issues tendered,* necessarily operates as an estoppel
on both defendants to again litigate such issues *as between
themselves.*

PRINCIPLE APPLIED: A minor held conveyances from
an uncle upon which he might predicate full title to certain
lands. The minor's mother also held conveyances, later in
date, and from the same grantor, upon which she might predi-
cate full title to the same lands. The mother claimed that the
conveyances to the minor were testamentary, while those to
herself were the result of a sale on adequate consideration.
The mother sold and *conveyed* the land. The purchaser, before
paying the full price, objected to the title. The mother and
her purchaser arranged for an action to quiet title, at the

mother's expense. The purchaser brought the action jointly against the mother and son. Jurisdiction was fully obtained. A guardian ad litem was appointed and duly answered. In harmony with the answer, the minor filed a sworn disclaimer of any interest in the land. The conflicting conveyances and attending facts were fully before the court. There was no fraud. Decree was entered that the purchaser had absolute title and that *neither the mother nor the son had any title.* The mother had been appointed as the regular property guardian of the minor, and the minor, at a later date, sought to secure the removal of the mother as guardian, on the ground that he, the minor, owned said land, and that the mother had failed to account for the proceeds thereof.

*Held,* the minor was estopped by the decree from relitigating the issue between himself and his mother.

JUDGMENT:    Conclusiveness—Matters Concluded—Concession of
2    Record.  Principle recognized that, where material concessions are made of record in an action to quiet title, the decree will be construed as involving a finding *in accordance with such concessions.*

PRINCIPLE APPLIED:    See No. 1.

JUDGMENT:    Equitable Relief—Perjury.    Decrees in an action
3    to quiet title will not be set aside, especially in a collateral proceeding, on the ground of perjury, or the equivalent thereof, committed in the trial of the action.

JUDGMENT:    Equitable    Relief—Fraud—Insufficiency.    Fraud
4    sufficient to set aside a decree which quiets title is not made out by showing (a) fraudulent statements of a party made in a proceeding separate and distinct from the proceedings to quiet title, or (b) statements which constitute nothing more than erroneous legal conclusions.

*Appeal from Union District Court.*—H. K. EVANS, Judge.

SATURDAY, SEPTEMBER 29, 1917.

SUIT in equity to determine whether or not the appellant, who is the mother of appellee Walter Quick, and was his guardian, should be decreed to pay over the proceeds of land sold by her, the claim being that the land sold belonged to the minor. The court so decreed, and Iva Cretors appeals.—*Reversed.*

*Brown & Ferguson,* for appellant.

*L. J. Camp,* for appellee.    (No brief.)

SALINGER, J.—The issue tried out was formed by a
contest over whether the appellant should be removed as
guardian, and this proceeding was finally so dealt with as
that the trial court passed upon the questions presented in
a suit in equity.   The complainant has evidence which, if
there be no tenable avoidance, we may assume justifies the
decree appealed from.   But while this may be so, if there
is no bar to considering and giving weight to such evidence,
we have first to decide whether a plea of estoppel by adjudi-
cation has been sustained, and whether the trial court was
warranted in acting in disregard of that plea, as it did do.
We need not elaborate upon the proposition that, no matter
how meritorious the claim of appellee may be, ordinarily
he may present it but once.

The appellant presents a plea which, in

1. JUDGMENT:
conclusiveness:
parties con-
cluded: joint
defendants.
due form, asserts that appellee is estopped to
litigate whether or not appellant owned the
land with the proceeds of which it was at-
tempted to charge her.  This plea is based
upon the claim that, though nominally the defendant in a
former action, she was the real party in interest and real
plaintiff therein, though one Harness was the nominal one;
that, in that suit, she and her ward, and minor son, were
the defendants named; and that it was therein adjudicated
that her said son, the real plaintiff in the present suit, had
no title to, claim upon, or interest in, the land involved in
both suits.  It appears without conflict that both said par-
ties defendant in the first suit made due appearance there-
in, and that the son was duly served with notice and duly
defended by a guardian *ad litem.*  The petition in the first
suit, with some additions to be noted in another connec-
tion, was the usual one to quiet title; the decree was within

the issues tendered, and adjudges that plaintiff in the first suit has full title, and the defendants therein have no title nor interest. That decree stands, and is unmodified. The naked fact that, in an action to quiet title, there is a decree quieting title in plaintiff, operates as a decision that defendant has no title or claim. *Farrar v. Clark*, 97 Ind. 447, at 449; *Board County Com. v. Welch*, (Kan.) 20 Pac. 483; 2 Black, Judgments (2d Ed.), Sec. 664; *Stevens v. Hughes*, 31 Pa. 381; *Indiana, B. & W. R. Co. v. Allen*, (Ind.) 15 N. E. 446; *Hays v. Carr*, 83 Ind. 275, at 288. Of course, that is the adjudication where, as here, it is expressly decreed that plaintiff has full title, and that defendant has no title or interest. *Davis v. Lennen*, (Ind.) 24 N. E. 885; *Cooter v. Baston*, 89 Ind. 185, at 186; 1 Freeman on Judgments (4th Ed.), Sec. 309.

2. JUDGMENT: conclusiveness: matters concluded: concession of record.

The plea interposed is not the strict *res adjudicata*, but urges an estoppel to relitigate whatever is covered by any finding in the first suit which must have been the vital basis of the decree therein entered. On such plea the court may go beyond the face of the judgment, and the right to litigate successfully in the second suit may be foreclosed, because it is found upon such investigation that the decree pleaded could not have been entered without finding against the suitor that fact upon establishing which his success in the second suit depends. And both here, and, of course, as against an express finding that defendant has no title, it is immaterial that the loser in the first suit failed there to defend with all he had. These propositions are so well settled that citations in their support would be mere pedantry. Then, too, the minor filed in the first suit a sworn disclaimer, in which he declares in manifest effect that he has no claim or title, and ought not to have; that conveyances made to him are not effective; that later conveyances to his mother are, and ought to be; and that he is fully ad-

vised of the truth, and had no concealment practiced upon him. And appellant may well claim that the appellee was, by the decree in the first suit, excluded from all rights in this land, if for no other reason than because of the rule that, where one makes concessions of record material to the issue, the decree involves a finding in accordance with such concession. *Prouty v. Matheson,* 107 Iowa 259, at 263; *Burgess v. Stribling,* (Mich.) 108 N. W. 421; *In re Thoma,* 117 Iowa 275. But, as said, the appellant needs no aid from either of these well-established law rules, because by no possibility can they accomplish more for her than does the fact that the decree in the first suit expressly adjudged that her grantee had full title, and that her son had none.

The decree in the first suit was set aside and disregarded. We are not able to find that it was even attacked. There certainly is no attack in terms. There is and can be no claim that the disregarded judgment lacks jurisdiction. We are unable to find any allegation that same was obtained by the practice of any fraud upon parties or court. The allegations of the petition for removal, which was the vehicle for complaining of the appellant's dealing with this land, do not go beyond asserting that the interests of the mother in said land are adverse and hostile to the complaining minor, wherefore he prays that she be cited to show cause why she should not be removed as guardian; that, upon sufficient showing having been made, she be removed, and some suitable person appointed in her stead; and that said guardian be given authority to bring any necessary action or actions for the recovery of property belonging to the minor; and that the court make such other and further orders as may be deemed just in the premises, including a decree that the title to the proceeds of said land is in and should be transferred to the minor. Not a suggestion by way of replying to the plea of estoppel by adjudication through said first decree.

Passing that, if it may be passed, we come to the question whether the evidence warrants what was done. Possibly (and we suggest the possibility merely because we are at a loss to understand why the action was taken) the trial court gave controlling effect to the fact, if it be one, that mother and son were both defendants. This theory is suggested by the terms of the decree now in review, which declares that the first decree is not binding between mother and son.` Passing whether the mother was not in fact a plaintiff,—if the decree rests on the position that the mother and son were not adversative parties and that, therefore, there was no adjudication as beween them as to where the title lay,—the conclusion runs counter to *Devin v. City of Ottumwa,* 53 Iowa 461, 466, approved in *City of Sioux City v. Chicago & N. W. R. Co.,* 129 Iowa 694, at 702, and *City of El Reno v. Cleveland-Trinidad P. Co.,* (Okla.) 107 Pac. 163, where, as here, the parties were, on the record, parties on the same side.

3. JUDGMENT:
equitable re-
lief: perjury.

If this was not the theory of the trial court, it must have proceeded on one or both of two other theories: either because it found (and it does so find) that the minor is the true owner of the property, and that no subsequent conveyance from his grantor was sufficient to defeat his rights; or that the mother, being under contract obligation to release a mortgage upon the land, had instead obtained said mortgage, transferred it, caused a sheriff's deed title to be erected upon it, and the grantee in the sheriff's deed to convey to her.

It but states a truism to repeat that it will not suffice to set aside the first decree that the trial judge in each of two suits disagree on the merits. If that suffices, a third judge may settle these merits for himself, and so make all that was done in the present suit waste paper. That the

mother violated her obligation to satisfy the mortgage and wrongfully built up a title by sheriff's deed, is of no materiality. First, that should have been litigated in the suit which foreclosed that mortgage; second, if what was done concerning the mortgage constitutes a fraud upon the court that quieted title in a buyer from appellant, it was one of the class in which perjury on the trial is, and decrees may not be set aside, to a certainty not on collateral attack, by proving frauds of that class; third, if the sheriff's deed title be held void, that cannot sustain collateral attack upon a decree which quiets title upon conveyance wholly distinct from the basis of the sheriff's deed title. Then, too, the disclaimer to which we have referred was in evidence, and no attempt was made to impeach or avoid it.

It is clearly made out that no fraud was practiced upon the court. It had before it every fact arousing suspicion which was before the last court. Both courts had the minor's disclaimer. Both were advised of every step taken to obtain the decree in the first suit. Both courts were advised that appellant contracted with one Harness to convey the land in controversy to Harness by warranty deed; that, when she furnished abstract, Harness claimed there was a defect in the title, and an adverse color of title, whereupon it was agreed between them that Harness was to begin an action in his own name to quiet the title against all claimants, or supposed claimants; that she agreed to pay all costs, including a stated attorney fee to a stated attorney; that provision was made for paying part of the purchase price to her, if and when said action furnished a merchantable title; that the reason for bringing the action to quiet title in the name of Harness was that he is the only one that claims absolute fee simple title, and the only one who can rightfully bring the action on part of appellant; that it was agreed that, when her minor son, Walter, became

fourteen, which was to come about in a few months, she would, at the request of Walter, petition for letters of general guardianship over his person and property, in order that he might become a defendant in the action in due form of law; and that by said disclaimer the minor ratified the sale to Harness.

4. JUDGMENT:
equitable re-
relief: fraud:
insufficiency.

If there be any fraud such as would set aside a decree, at least on collateral attack, it must be because, in procuring the appointment of appellant to be guardian, she states in her application that she knows of no property that then belonged to the minor, or that he was likely to fall heir to until her death, it being claimed she well knew the fact to be then that her minor son was the owner of the tract in dispute and had obtained title thereto by virtue of a warranty deed executed to him by his uncle Jacob; that she paid off a mortgage on the land executed by Jacob, and instead of satisfying the same, transferred it to one Davenport, with the understanding that Davenport should foreclose and obtain title by sheriff's deed and thereafter convey to her, which arrangement was carried out; and this though she was under obligation by assumption to pay the said mortgage,—to which last matter consideration has already been given; further, that she stated, in a report later filed by her as guardian, that no money or property of any kind belonging to said minor had come into her hands since her appointment, when in truth she had received the proceeds of selling said land. It is apparent that this, and the statement that the minor had no property, is another form of stating the ultimate claim, i. e., that appellant practiced a fraud upon the court in securing her appointment as guardian, by falsely asserting, knowingly, that the land in question did not belong to the minor. To this there are two answers: These statements were not made in the cause in

which the decree relied upon was entered, and could not
have influenced its entry. Second, if these statements are
untrue, it results in no more than that a legal conclusion
drawn on where title lies, is unsound. It is far from
clear it is that. It appears that both appellant and her son
held conveyances to this land from the same grantor, the
uncle of the minor. The appellant claims that all convey-
ances to Walter were testamentary, were not delivered,
were without consideration, and were not accepted before
the grantor annulled what, at most, was an uncompleted
gift. In his sworn disclaimer, the son admits all this, and
that the uncle gave title to the mother and not to disclaim-
ant. She had the deed from the uncle which was the last,
and thinks she advised her buyer of it. But assume she
was mistaken on where the law put the title,—that falls
far short of establishing that she took her position on this
head, knowing that in truth the title was in the minor. She
denies that she knew that or believed it, and insists she
still believes the title was in her. She denies all intent to
wrong her son. It all comes to holding that a decree quiet-
ing title is not entitled to be sustained as other judgments
are; that, as to such an one, successful attack will lie
without plea and without the evidence required to set aside
other judgments attacked with proper plea; that it may be
disregarded or upheld, judge by judge, at will; and that
public policy requires such decrees shall be lightly esteemed.
That is not our view. The object of a suit to quiet title
is not merely to settle particular claims. *Farrar v. Clark,*
97 Ind. 447, at 450. Its very object is to determine all con-
flicting claims and to remove all clouds from the title of the
complainant. *Green v. Glynn,* 71 Ind. 336. The suit was
intended to secure repose and to settle all conflicting claims
in one comprehensive action. *Merced Mining Co. v. Fre-
mont,* 7 Cal. 317. Its purpose is to put "all litigation at

rest" as to the titles involved. Sedgwick & Wait on Trial of Title to Land (2d Ed.), Section 532c; Pomeroy on Equity Jurisprudence, Section 248. The statutory remedy is broader and more comprehensive than that afforded by a bill of peace under the chancery practice. *Curtis v. Sutter,* 15 Cal. 259. And the object of the bill of peace was the exercise of an anticipatory precaution to establish and perpetuate a right claimed which otherwise might be controverted by different persons at different times and by different actions. The object is to suppress and restrain useless or oppressive litigation, and to prevent multiplicity of suits. 2 Story on Equitable Jurisprudence, Section 853. It is made use of where a person has a right which may be controverted by various persons at different times, whereupon the court will, to prevent a multiplicity of suits, direct an issue to determine the right, and ultimately issue an injunction. *Randolph's Admx. v. Kinney,* 3 Rand. (Va.) 394, 395. Wherefore, it follows that failure to put an injunctional clause into a decree quieting title is harmless error, because "the decree would have been a bar to subsequent litigation on the same subject matter if the injunction clause had been omitted." *Reed v. Calderwood,* 32 Cal. 109, at 111. And see *Ritchie v. Dorland,* 6 Cal. 33, 37. It is an equitable remedy to determine in one suit what may be or threatens to be the subject of repeated litigation by various persons. *Woodward v. Seely,* (Ill.) 50 Am. Dec. 445, 449, note. The law is not hostile to the decree in such suit.

The views we have expressed, of course, make it unnecessary to consider the question of who in truth had title. For the reasons advanced herein, we are constrained to hold that the decree below must be—*Reversed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.