IN RE GUARDIANSHIP OF ANNA BAXTER.

LILLIE BAXTER, Appellant, v. CHARLES T. CHANDLER, Appellee.

**GUARDIAN AND WARD:** Foreign Appointment as Basis for Domestic Appointment.  The appointment by the courts of a foreign state, after full adjudication of jurisdiction, of a guardian for a mental incompetent, may not be ignored in the courts of this state as a basis for appointment in this state (Sec. 3213, Code, 1897), because of the facts: (1) That the summons which was the basis of said foreign proceedings notified the incompetent that, in case of default, a *specifically named* person would be appointed guardian; and (2) that the court ignored such specific direction, and appointed a different person.

*Appeal from Ida District Court.*—E. G. ALBERT, Judge.

APRIL 7, 1921.

APPLICATION for the appointment of a guardian of the property of a foreign ward.  A temporary guardian, appointed by the district court of Ida County, Iowa, for the said ward, appeared and resisted the application of the alleged foreign guardian for appointment by said court.  A trial was had upon the issue so tendered, and the foreign guardian was appointed as guardian of the property of said ward in this state.  The temporary guardian appeals.—*Affirmed.*

*M. M. White,* for appellant.

*Charles Macomber,* for appellee.

FAVILLE, J.—I.   On August 15, 1919, one Charles T. Chandler filed in the district court of Ida County, Iowa, his petition

for appointment as a foreign guardian of the property of one Anna Baxter. The petitioner alleged in his petition that he was a resident of San Diego, in the state of California, and that he had been duly appointed by the superior court of San Diego County, in said state, as guardian of one Anna Baxter, who, he alleged in his petition, was a person of unsound mind, and a resident of Belmont, in the state of California. The petition alleged that the said Anna Baxter was the owner of certain property within the state of Iowa, and prayed that applicant be appointed guardian of the said property. ·

After said application had been filed, the appellant, Lillie Baxter, appeared in said proceedings and filed a resistance to the application for the appointment of a foreign guardian, alleging that she had been appointed temporary guardian of the said Anna Baxter by the district court of Ida County, Iowa. The grounds of her resistance were that the said Anna Baxter was a resident of Ida County, Iowa, and that the appointment of the applicant Chandler as guardian in the state of California was null and void.

Various specifications are set forth in the said resistance, but the foregoing is the substance thereof. It is conceded by all parties to the record that the ward, Anna Baxter, is, and for many years has been, a person of unsound mind. The record shows that the husband of the said Anna Baxter, one James R. Baxter, was a man of wealth, who resided for many years in Ida Grove, in this state. While so residing, his wife became mentally deranged, and was adjudged insane by the commissioners of Ida County, Iowa, and was at one time confined in the state hospital at Clarinda, from which she was discharged, as improved. Thereafter, the husband traveled to various parts of the United States and Europe, seeking medical aid for his unfortunate spouse. About 1907, he removed with her to California, and purchased a residence for her in San Diego. In 1908, her condition became so bad that it was necessary to place her in a sanitarium at Belmont, California, where she has been ever since, and now is. Prior to this time, the husband had deposited a considerable amount in a bank in San Diego in his wife's name, and she had been at one time interested as a partner in said bank.

In 1908, the husband, James R. Baxter, filed in the office of the superior court of San Diego County, California, a petition for the appointment of a guardian for his wife, alleging that she was insane, and was a resident of the city of San Diego, California, and that she had property in said state. He was duly appointed as her guardian, and continued to act as such, thereafter filing his annual reports as such guardian in said court.

In March, 1919, the said James R. Baxter died in California. After the death of the said James R. Baxter, his brother, Robinson Baxter, and a niece, Lillie Baxter, the appellant, who is the daughter of said Robinson Baxter, went to California, and the said Robinson Baxter filed his petition in the superior court of San Diego County, alleging that the former guardian, James R. Baxter, was deceased, and that the said Anna Baxter was incapable of managing her affairs, and that she was possessed of personal property of the value of about $50,000; and prayed that he might be appointed guardian of the person and estate of the said Anna Baxter. The court fixed a time and place for hearing of said application, and ordered notice to be given, and a citation was issued and served upon the said Anna Baxter, requiring her to appear on a certain named day, and show cause why Robinson Baxter should not be appointed guardian of her person and estate. Citation was also issued and served on one Thos. H. Hale, a resident of California, who is the brother of the said Anna Baxter. At the time of the hearing, the said Thos. H. Hale appeared and filed a resistance to the appointment of the said Robinson Baxter, and prayed that Charles T. Chandler be appointed as guardian of the person and estate of the said Anna Baxter.

A hearing was had before said court and an order entered, appointing the said Charles T. Chandler as guardian of the said Anna Baxter. Duly exemplified copies of all of the proceedings in said matter are made a part of the record in this cause. Thereafter, the said Charles T. Chandler filed his application with the district court of Ida County, Iowa, to be appointed foreign guardian of the property of the said Anna Baxter, under the provisions of Section 3213 of the Code. Before this application was filed, however, and after the unsuccessful at-

tempt to secure the appointment of Robinson Baxter as guardian by the California court, his son, U. S. Baxter, filed a petition in the district court of Ida County, Iowa, alleging that the said Anna Baxter was a resident of Ida County, Iowa, and was now confined in a sanitarium in California, and praying that Lillie J. Baxter, a sister of the petitioner's, be appointed temporary guardian of the person and property of the said Anna Baxter. On the day on which said petition was filed, the same was presented to one of the judges of the district court of the sixteenth judicial district, who entered an order appointing said Lillie J. Baxter as temporary guardian; and she qualified as such.

The first question for our determination on this appeal is whether or not the order of the superior court of San Diego County, California, appointing the appellee, Chandler, as guardian of the said Anna Baxter, was void. Under the "full faith and credit" clause of the Federal Constitution, the courts of this state are required to recognize and give validity to the judgments of every other state of the Union. Constitution of the United States, Article IV, Section 1.

If the superior court of San Diego County, California, was without any jurisdiction whatever in said matter, and if the judgment rendered by said court in said matter is null and void for want of jurisdiction, then the courts of this state are not required to give full faith and credit to such judgment, and the same can be impeached at any time or in any place where its enforcement is sought.

It is the contention of the appellant that the superior court of California had no jurisdiction whatever of the ward, Anna Baxter, and no jurisdiction to appoint the appellee, Chandler, as guardian in said proceedings. The particular point urged is that the citation ordered by the court, and directed to the incompetent Mrs. Baxter in said proceedings, advised her that the petition of Robinson Baxter was on file, asking for *his* appointment as her guardian, and stating that, unless she appeared and showed cause why the said *Robinson Baxter* should not be appointed guardian, an order would be made appointing *him* as such guardian. The point urged is that, under such notice, the court of California had no jurisdiction to appoint Chandler or any other person except the said Robinson Baxter.

As before stated, it appears that, at the time of the hearing on the application of Robinson Baxter for his appointment as guardian of the said Anna Baxter, the brother of the said Anna Baxter, one Thos. H. Hale, appeared, in response to a citation issued in said matter and served upon him, and resisted the appointment of the said Robinson Baxter as guardian, and prayed affirmatively that the said Chandler be appointed as such guardian. It appears from the record that, at the time of the hearing on the matter of the appointment of a guardian for the said Anna Baxter in the California court, the said Robinson Baxter appeared, in person and by his attorney, and the said Thos. H. Hale, brother of the said Anna Baxter, also appeared in person and by counsel, and the court fully investigated the entire situation, and received a large amount of testimony, the transcript of which is of record in this case. The judgment of the court, entered in said matter, recited a finding ''that said Anna Baxter has been served with due and regular notice of the time and place of the hearing of said petition.'' The court made other findings and recitals in regard to the possession of property and the matters presented and tried. An order was entered appointing the said Charles T. Chandler as guardian of the person and estate of the said Anna Baxter.

The evidence before us shows that a citation was duly issued in said proceedings in the superior court of San Diego County, California, and that the same was duly and legally served on the said Anna Baxter. The court found and determined that the notice was sufficient to try the issues presented, and for the entry of the order of appointment, as made. There is not herein presented the question of the entry of a judgment without any notice whatever. On the contrary, the record affirmatively shows that there was a notice, which the court found to be sufficient, under the laws of that state. Even if the notice was defective in some particulars, as by containing too specific a recital regarding the appointment of a certain person as guardian, it would not render the judgment entered thereon a nullity. The court had jurisdiction of the subject-matter. It had jurisdiction of the incompetent by the service of a notice which the court held to be good and sufficient. Such being the case, the judgment cannot be attacked in this proceeding by the tempor-

ary guardian, because of the claim that the notice was more specific than was required. It is not a case of no notice, and we doubt very seriously if it is even a case of a defective notice. But in any event, the court of California obtained jurisdiction by the service of a notice which the court held to be sufficient. Even if the citation did recite that, unless resistance was made, Robinson Baxter would be appointed guardian, there is at least a doubtful question whether the court would not have full jurisdiction, on the trial of the issue, to appoint some other person than Robinson Baxter. The question, in such proceeding, as to what particular person shall be named as guardian is rather incidental. The real issue· to be determined is whether the person is incompetent, and whether any guardian should be appointed. Upon the record made, the district court was required to give full faith and credit to the judgment of the superior court of San Diego County, California, appointing the applicant, Charles T. Chandler, as guardian of the said Anna Baxter.

II. It is contended that said Anna Baxter was, in fact, a resident of the state of Iowa, and that the proceedings for the appointment of a guardian of said Anna Baxter were not in accordance with the provisions of the statutes of California respecting the appointment of a guardian under such circumstances. A large amount of proof was offered on the question of the residence of the husband, James R. Baxter. There is considerable significance in the fact that the said James R. Baxter himself appealed to the courts of California for the appointment of a guardian of the person and property of his wife, and made the necessary representation regarding her residence, to secure his own appointment as a guardian of her personal property under the statutes of the state of California, and continued as her guardian for a period of more than nine years, until the. time of his death.

It is not necessary for us to determine under which particular section of the California statutes offered in evidence the proceeding in the California court was had. There is in the statutes of that state ample authority for the appointment of a guardian of an incompetent person, under the facts and circumstances disclosed in the record, and we cannot hold that the court was without jurisdiction of the subject-matter of the action.

III.　There is no sufficient showing in this record to impeach the validity of the order and judgment entered by the superior court of California in appointing Charles T. Chandler as guardian of the person and property of the incompetent. There is no showing that said court did not have jurisdiction of the subject-matter of the action or of the person of the incompetent.　Therefore, the judgment of said court must be given full faith and credit by the courts of this state.　There is no showing that the said judgment is invalid or void.　It therefore must be upheld, enforced, and recognized by the courts of this state.　It follows that the foreign guardian, upon making the proper showing, as was done in this case, was entitled to be appointed by the district court of Ida County, Iowa, as a foreign guardian of the property of the said Anna Baxter, under the provisions of Section 3213 of the Code of this state.

In view of our holding in this regard, it is unnecessary for us to determine the question of the power of the temporary guardian appointed by one of the judges of the district court.

As bearing on this question, under circumstances similar to those appearing in the instant case, see *Raher v. Raher*, 150 Iowa 511.

The order of the district court in appointing the foreign guardian as guardian of the property of the said Anna Baxter within the jurisdiction of said court was correct, and the same is—*Affirmed.*

EVANS, C. J., STEVENS and DE GRAFF, JJ., concur.