DONALD O. BOWEN, Appellee, v. THECKLA A. BOWEN, Appellant.

No. 42743.

FEBRUARY 12, 1935.

Lester C. Davidson, for appellant.

Hill & Guttleman, for appellee.

POWERS, J.—The appellee and appellant were married at Rock Island in the state of Illinois on the 29th day of November, 1916. The appellee is the husband and the appellant the wife. They will be referred to in this opinion, whenever possible, as the husband and wife. They lived as man and wife at Rock Island until about the 14th day of March, 1930, and the wife still lives there.

Some time prior to the month of March, 1932, the wife filed, in the state of Illinois, an action against the husband for separate maintenance. The husband appeared in the case and filed a cross-complaint for divorce. The case went to decree on the 2d day of March, 1932, and the court, on that date, dismissed the husband's cross-complaint for divorce on the merits, and by the same decree allowed the wife separate maintenance on the ground that the husband had, on March 14, 1930, "without any reasonable cause, wilfully deserted and absented himself" from the wife and that "he is guilty of extreme and repeated cruelty as charged in the bill of complaint." Shortly thereafter, the husband instituted an action for divorce in the state of Nevada, and sought to get jurisdiction by the publication of notice. The wife learned of that action and appeared in the case and filed an answer setting up the decree in Illinois, and on the 28th day of May, 1932, a decree was entered by the court in Nevada dismissing plaintiff's petition for divorce on the ground that the matters had been adjudicated by the decree in Illinois. Thereafter, and on the 30th day of March, 1933, the husband filed a petition against the wife in the district court of Woodbury county, Iowa, and caused notice to be published in the Sioux City Stylus, a newspaper published at Sioux City, Iowa, but, if such newspaper is one of general circulation in Woodbury county, as required by section 11084 of the Code, 1931, that fact does not appear. There was no appearance by the wife, default was entered, and a divorce granted to the husband.

The grounds for divorce, as set out in plaintiff's petition, are as follows:

"Par. 6. That on or about the 14th day of March, 1930, the defendant, in violation of her marriage vows and without any fault of the plaintiff, wilfully deserted this plaintiff and has ever since absented herself from him without any reasonable or just cause therefor. Cruel and inhuman treatment."

Within a year after the entry of the decree, the wife appeared in the action in Woodbury county, Iowa, and filed a petition for a new trial. This pleading was originally designated as a motion to vacate the decree and for a new trial but was later amended and designated as a petition and no question is here raised but that it is sufficient in its allegations and was filed in time to entitle it to consideration as a petition for a new trial filed under the provisions of section 12788, Code 1931.

The question raised by the petition is, Should the divorce decree granted the husband by the district court of Woodbury county, Iowa, be set aside because of fraud practiced in obtaining it? The trial court refused to set aside the decree on the petition of the wife, and appeal has been taken to this court.

It is the well-established policy of the law to have an end to litigation, and, where parties have litigated a question to final determination in a court of competent jurisdiction, it is not open to either of them or their privies to thereafter institute another action for the purpose of having this same question determined. This is the basis of the doctrine of res adjudicata. Town of Kenwood Park v. Leonard, 177 Iowa 337, 158 N. W. 655; Smith v. Cretors, 181 Iowa 189, 164 N. W. 338. The principle applies, not only to the questions actually determined, but also, to all questions which should properly have been determined. Secor v. Siver, 165 Iowa 673, 146 N. W. 845; Hodge v. Shaw, 85 Iowa 137, 52 N. W. 8, 39 Am. St. Rep. 290; Beh v. Bay, 127 Iowa 247, 103 N. W. 119, 109 Am. St. Rep. 385. These rules are particularly applicable to domestic courts, that is, courts of the same jurisdiction, but the full faith and credit clause of the Constitution of the United States requires that like effect in that respect be given to the judgments of other states. In re Guardianship of Baxter, 191 Iowa 407, 182 N. W. 217; Secor v. Siver, 165 Iowa 673, 146 N. W. 845.

So in this case, when the court of the state of Illinois dismissed the husband's cross-complaint for a divorce, the court determined that no grounds for divorce in favor of the husband existed on that date, and the judgment is not limited to the particular grounds for divorce which he may have pleaded. Moreover, since the law of Illinois is presumed to be the same as our own in the absence of any proof to the contrary (Secor v. Siver, 165 Iowa 673, 146 N. W. 845) and since, under our law, a decree of separate maintenance must be supported by proof of grounds sufficient for a divorce (Leonard v. Leonard, 174 Iowa 734, 156 N. W. 803), the effect of the decree entered in the court in the state of Illinois granting the wife separate maintenance was to determine that the wife was entitled to a divorce from appellee, and, more particularly, that she was entitled to such divorce because the husband had deserted her on the 14th day of March, 1930, and on the further ground that he had treated her with extreme cruelty.

In view of the fact that there had been an adjudication of the question of the husband's right to a divorce and that adjudication was binding on the district court of Woodbury county, Iowa, could the husband obtain a divorce there except by the practice of fraud?

It is suggested that the evidence which was introduced before the court as a basis for the decree of divorce was not made a matter of record, and is therefore not available, and that, in the absence of such evidence, it cannot be said that there was a fraud practiced in obtaining the decree. But the evidence, whatever it was, if material to the issue, must have established that the wife deserted the husband on the 14th day of March, 1930, but such a showing could not be honestly and truthfully made because the court in the state of Illinois had determined that the husband deserted the wife on that date and the husband knew of such determination.

It can hardly be said that the petition filed in Woodbury county, Iowa, raised other grounds for divorce except desertion. The words "cruel and inhuman treatment" inserted in the petition, apparently as an afterthought, do not constitute a statement at all, much less a statement of grounds for divorce, under the provisions of our statute. But, if it be said that such issue was in the case, it cannot change the result, because the issue of cruel and inhuman treatment was involved in the issues determined at Rock Island, and the issue was determined against the husband both by the decree awarding the wife separate maintenance and by the decree dismissing the husband's cross-complaint for want of equity. That issue was just as effectually determined as the issue of desertion.

No claim is made on behalf of the husband that the court was, in fact, advised as to these other adjudications. It is to be presumed that, if the court had been so advised, he would have done what an express provision of the Constitution of the United States (article 4, section 1) required him to do, give full faith and credit to the judgment entered by the court in the state of Illinois between these same parties with reference to this same issue and would have, therefore, dismissed the husband's petition. The failure of the court to do that, therefore, must be held to be the result of the deception practiced upon it. That a failure to disclose in a hearing on a default divorce case that there has been a prior adjudication of the issue has been held by this court to constitute such fraud in obtaining the decree as will require its

being set aside on petition. See Wood v. Wood, 136 Iowa 128, 113 N. W. 492, 12 L. R. A. (N. S.) 891, 125 Am. St. Rep. 223.

The husband's conduct in this case shows, not only that he perpetrated the fraud involved in the failure to disclose the prior adjudication, but that he deliberately planned an opportunity to do so. It will be noticed that, although the decree entered by the court in the state of Illinois was not entered until the month of March, 1932, another decree was entered between the same parties in Nevada in May of the same year. The only explanation offered of the possibility of the husband obtaining a residence in Nevada in time to start a suit which would go to final determination by May is that he left Illinois before the final decree was entered in that case. It will be noticed also that he started an action in Woodbury county, Iowa, in March, 1933. As a witness at the hearing on the petition for a new trial, he said he became a resident of Sioux City, Iowa, on March 15, 1932. It will be noticed that this was very shortly after the time the decree was entered at Rock Island and over two months before the decree was entered in the state of Nevada. These facts would seem to indicate that there might be a serious question as to whether the husband was a good faith resident of Iowa for more than a year before he filed his petition, and, particularly, a question as to whether the residence was not merely for the purpose of obtaining a divorce, but the trial court erroneously refused to hear any evidence on the issue of good faith residence. Assuming, however, the residence of the husband as claimed, it shows that he abandoned every effort to obtain a divorce where his wife appeared and offered resistance. She appeared in the state of Nevada and pleaded the adjudication in the state of Illinois, and the court dismissed plaintiff's petition because of that adjudication. The husband, however, apparently anticipating an adverse decision as soon as the wife appeared, left Nevada and took up his residence in Iowa before the final determination of the case in Nevada. The husband knew that such adjudication was a bar to his right to obtain a divorce when he started his action in Woodbury county. He must have known, therefore, that his success in obtaining a divorce at Sioux City depended upon keeping the adjudication in the state of Illinois out of the record, and to that end preventing the wife from learning of the pendency of the action. From what happened in the other case which the husband had instituted we have a right to assume that, if the wife had learned

of the action in Woodbury county and had appeared and pleaded the adjudication in the state of Illinois, the husband would have again abandoned the case and taken up a residence somewhere else.

It appeared on the trial of the petition to vacate the decree of divorce that the husband had, very shortly after obtaining the decree of divorce, gone to the state of Missouri and remarried, thus evading the provision of the Iowa statute which prohibited his remarrying within a year of the entry of the decree. It further appeared that prior to the time of the hearing a child had been born of this marriage. This conduct of the husband was quite in keeping with his conduct in obtaining the decree of divorce. It suggests an effort on his part to retain, by a sort of duress, the benefits of the decree which he had previously obtained by fraud. To what extent the trial court may have been influenced by that circumstance we are not advised. We are satisfied, however, that such a circumstance should not be permitted to interfere with the processes of the court and the proper administration of justice.

What we have already said abundantly demonstrates that the decree entered herein granting to the husband a divorce must be set aside and a new trial granted.

There is a suggestion in the findings of the trial court that the decree granting separate maintenance to the wife in Illinois and the decree granting a divorce to the husband in Iowa are not necessarily in conflict and that the two might exist together, and, therefore, the decree granting separate maintenance to the wife was not conclusive on the question as to whether the husband could properly obtain a divorce. In the first place, this leaves out of consideration altogether the part of the decree entered by the state court in Illinois dismissing the husband's cross-complaint for divorce as being without equity. In the second place, it does not give proper effect to the decree granting separate maintenance. In the case of Harding v. Harding, 198 U. S. 317, 25 S. Ct. 679, 49 L. Ed. 1066, the wife was granted separate maintenance on the grounds of desertion by a court in the state of Illinois. Thereafter the husband went to California and instituted an action for divorce on the grounds of desertion. The wife appeared and pleaded the adjudication in the state of Illinois, and the California court granted the husband a decree of divorce. An appeal was taken to the United States Supreme Court on the ground that there was a failure to give full faith and credit to the judgment entered in Illinois, and that court

held there could be no divorce granted in California on the ground of desertion, and that the attempt to do so was a failure to give full faith and credit to the Illinois judgment, and in violation of the Constitution of the United States. That opinion was based upon the law of the state of Illinois with reference to separate mainte- nance. We have assumed in this opinion that the law of the state of Illinois is the same as the law of the state of Iowa on that sub- ject. That difference does not create a distinction, however, because in this state separate maintenance can be granted only upon proof of grounds sufficient for a divorce, so that the same identical issues are involved as in an action for divorce. The determination of that issue in the state of Illinois is binding on the court in Iowa.

The showing made in support of the petition for a new trial establishes that there was fraud practiced in obtaining by the husband of the decree of divorce. That decree should have been set aside. The case is reversed and remanded to the district court, with direction to grant the petition for new trial, to set aside the default decree of divorce, and permit the wife to join issue on the allegations of the husband's petition.—Reversed and remanded.

ANDERSON, C. J., and ALBERT, KINTZINGER, PARSONS, HAMIL- TON, and MITCHELL, JJ., concur.