MARTIN BROTHERS BOX COMPANY, Appellant, v. C. W. FRITZ et al., Appellees.

No. 44922.

MAY 14, 1940.

Isador Robinson and Herman G. Boesche, for appellant.

Herbert H. Hauge, for appellees.

MILLER, J.—This is a suit in equity to vacate a judgment recovered in an action at law and to enjoin the enforcement thereof. The petition contains four divisions. Each division incorporates all allegations of the petition which precede it so

that each is cumulative. The petition asserts the following allegations:

(1) Plaintiff is an Indiana corporation, defendant Fritz is a resident of Polk county, Iowa, the other defendants are the clerk of the district court and the sheriff of Polk county. On April 11, 1936, Fritz procured a judgment against the plaintiff company in the district court of Polk county, copy of which judgment is attached, as Exhibit A. No notice was served on the company and it did not appear. Copy of the original notice with return of service is attached, as Exhibit B. The purported service was invalid and defective, was not served upon an officer or agent of the company, and the person that was served was merely designated as one who claimed to be its agent. Fritz was guilty of fraud and perjury in asserting that one Herbert Stahlhut, upon whom service was had, was a general agent of the company when Fritz knew he was merely a traveling solicitor whose only authority was to solicit and receive orders at his own expense, and forward same to the company for approval or disapproval. A supporting affidavit as to such facts is attached, as Exhibit C. Plaintiff is a foreign corporation with no office or agency in Iowa, no official residing in Iowa, and is not authorized to do business in Iowa. The action was not connected with and did not grow out of any office or agency of the company in Iowa. Plaintiff has never owed Fritz anything.

(2) Fritz practiced fraud and perjury by asserting that he was an agent of the company under an oral contract, such assertion being false, and practiced fraud and perjury by asserting that he received products of the company, sold them for it, and remitted therefor to it, said assertions being false.

(3) On December 21, 1937, Fritz commenced an action at law in the Dearborn circuit court in Indiana on the judgment against the company. The cause proceeded to trial, and, upon a verdict of a jury, judgment was rendered for the company and against Fritz. Copy of the transcript of proceedings in the Indiana court is attached as Exhibit D. The decision of

the Indiana court is an adjudication of the questions involved herein, and, by reason thereof, Fritz is estopped to assert the validity of the judgment the company seeks to vacate.

(4) Fritz caused an execution to issue on the Polk county judgment, has garnished a creditor of the company, and seeks to condemn funds owed to it to pay said judgment. The company will suffer irreparable injury and has no adequate remedy at law.

The prayer of the petition was that the judgment be vacated, defendants be enjoined from enforcing the same, particularly by said garnishment, and for general equitable relief and costs.

Defendant Fritz filed answer admitting the identity of defendants and the recovery of judgment on April 11, 1936. The other allegations of the petition were denied. The answer further asserted that on June 8, 1936, the company filed in the district court of Polk county what was termed a "special appearance and petition to vacate" the judgment of April 11, 1936. Copy of the special appearance and petition to vacate is set out as Exhibit A. On November 16, 1937, after a full and complete argument on said special appearance and petition to vacate, the same was overruled. All of the matters asserted in divisions I and II of the petition were fully submitted and adjudicated against the company, and it is estopped from obtaining the relief here sought. Also, it is estopped and foreclosed from maintaining this suit by the limitations fixed in section 12793 of the Code, 1935. The prayer of the answer was that the petition be dismissed, and for costs.

At the trial, the record, pertaining to the recovery of judgment in the action at law and the proceedings on the special appearance and petition to vacate such judgment, was introduced in evidence. It appears that Fritz, to support the allegations of his petition, testified to the following facts: He is a resident of Des Moines, Iowa; a salesman selling jobbing supplies, such as corrugated boxes, folding cartons, etc.; sold merchandise for Martin Brothers Box Company for a period of six to eight

months. Herb Stahlhut was a salesman for the company, his territory including Iowa and parts of Nebraska, Illinois, and Missouri. Fritz was employed by Stahlhut to work for the company. Stahlhut stated he had authority to hire Fritz and an oral contract of employment was made. Fritz did business with the company on that basis. In sending in orders, some of the orders were sent by Fritz to Stahlhut. Others were sent direct to the company. Fritz's commission was to be 4 percent of the sales, except on what was called pool cars. The commissions earned by Fritz were not paid. Fritz testified to the various sales made by him. There was also identified and introduced in evidence correspondence had with the company, advising them of the claim and pendency of the action. It was Fritz's understanding that the company would pay the commissions. His total commissions amounted to approximately $385. After suit was commenced, the company was advised of the suit, and a copy of the petition was sent to it.

The judgment of April 11, 1936, was entered on default. The original notice was served upon Herbert Stahlhut, as an agent of the company. If such service conferred jurisdiction, the company was in default when the judgment was entered.

The special appearance and petition to vacate, filed on June 8, 1936, asserted that Martin Brothers Box Company was not and never had been a resident of Polk county, Iowa, had not had an office in Iowa and no officer of the company had been a resident of Iowa; the return of service of the original notice did not constitute service on the company, shows on its face that such service was illegal and gave the court no jurisdiction; Herbert Stahlhut, upon whom the notice was served, was not an officer of the company, and his employment was as a salesman contacting trade in a restricted territory. His compensation was on a basis of a drawing account applied against commissions earned. He was without authority during his employment to bind the company in any way except as to solicitation of contracts for material to be furnished purchasers. He had no authority to employ any sales agents or to parcel out any

of his territory and could in no way bind the company for such employment or splitting of territory. If Fritz had any claim against any person, it was not against the company. This special appearance and petition to vacate was verified by counsel and supported by affidavit of Fred J. Martin, president of the company.

The order entered November 16, 1937, recited that the cause came on for hearing on special appearance and motion to vacate judgment and the court being fully advised in the premises, the motion was overruled with exception to defendant.

The transcript of proceedings in the Dearborn circuit court in the state of Indiana was introduced and showed that the petition was filed December 21, 1937, asserted the judgment of April 11, 1936, and prayed for judgment thereon. The answer contained a general denial and also asserted substantially the same facts which were asserted in the special appearance and petition to vacate heretofore reviewed. At the trial it was shown that such special appearance and petition to vacate had been filed and overruled. The plaintiff Fritz objected to submitting the cause to a jury. The objections were overruled. A jury was impaneled, evidence introduced, motion for directed verdict in favor of Fritz overruled, the jury was instructed, returned a verdict for the defendant company, and judgment was entered accordingly on June 15, 1938. Motion for new trial was asserted and overruled.

The record shows no appeal from the ruling of the district court of Polk county on the special appearance and petition to vacate, and no appeal from the judgment of the Dearborn circuit court. The court found that the equities are with defendant Fritz. The petition herein was dismissed, injunction denied, and judgment entered for costs. Plaintiff, Martin Brothers Box Company, appeals.

Whereas appellant asserts that the original notice, served upon Stahlhut as its agent, was insufficient to confer jurisdiction and appellee contends to the contrary, it is not necessary for us to decide that question. Each party relies upon a plea of

estoppel by former adjudication. One or the other of such pleas must be sustained. Accordingly, the merits of the proposition need not be decided.

■ Appellee relies upon the decision on the special appearance and petition to vacate the judgment of April 11, 1936, as an adjudication that the court had jurisdiction to enter such judgment and asserts that the appellant, having failed to appeal from such adverse decision, is bound thereby and cannot now litigate the questions there adjudicated. The trial court sustained such contention. We hold that its decision must be affirmed.

The special appearance and petition to vacate is in the nature of a combination of pleadings. It seeks to comply with the provisions of section 11088 of the Code, relating to special appearance. It also seeks to meet the requirements of chapter 552 of the Code, relating to procedure to vacate or modify judgments. In addition thereto, it asserts all of the necessary facts to warrant equitable relief from a void judgment. Sloan v. Jepson, 217 Iowa 1082, 1084, 252 N. W. 535; Blain v. Dean, 160 Iowa 708, 717, 142 N. W. 418; Cummings v. Landes, 140 Iowa 80, 117 N. W. 22.

Ordinarily, a special appearance to challenge the jurisdiction of the court is interposed before the entry of judgment and to forestall the same. This is the first cause to be presented to this court wherein a special appearance was. filed after judgment and to set the same aside. We doubt that such procedure is feasible or proper. Also, we have heretofore recognized that section 12787 of chapter 552 of the Code, 1935 (section 4091 of the Code, 1897) does not appear to apply to proceedings to vacate a judgment entered without jurisdiction. Cummings v. Landes, 140 Iowa 80, 87, 117 N. W. 22. However, as above stated, the petition to vacate judgment herein asserts all necessary facts to secure such relief in equity.

No resistance was filed by Fritz. He did not challenge the forum which appellant selected. The petition was entertained. The ruling thereon recites that it came on for hearing. This recital is not challenged by appellant. It must be presumed

that a hearing was had. Allen v. First Natl. Bank, 191 Iowa 492, 494, 180 N. W. 675, and cases cited. The record does not show what evidence was considered by the court at the hearing. However, the same judge conducted the hearing that heard the testimony when the judgment was entered. The most reasonable surmise would seem to be that the court considered the testimony of Fritz, which was given when the judgment was entered, with the affidavit of Martin, president of the company, and found the facts to be that the company's activities in Iowa and relationship with Stahlhut were such that service of process on Stahlhut conferred jurisdiction upon the company. The company did not appeal from such ruling. What our view might be had an appeal been taken is not material now. We are of the opinion and hold that the ruling on the petition to vacate became final when no appeal was taken, constitutes an adjudication upon all questions presented by the petition to vacate and bars the company from maintaining the present suit.

The general principles of the doctrine of res adjudicata are concisely stated in the case of Bowen v. Bowen, 219 Iowa 550, 552, 258 N. W. 882, 884, as follows:

"It is the well-established policy of the law to have an end to litigation, and, where parties have litigated a question to final determination in a court of competent jurisdiction, it is not open to either of them or their privies to thereafter institute another action for the purpose of having this same question determined. This is the basis of the doctrine of res adjudicata. Town of Kenwood Park v. Leonard, 177 Iowa 337, 158 N. W. 655; Smith v. Cretors, 181 Iowa 189, 164 N. W. 338. The principle applies, not only to the questions actually determined, but also, to all questions which should properly have been determined. Secor v. Siver, 165 Iowa 673, 146 N. W. 845; Hodge v. Shaw, 85 Iowa 137, 52 N. W. 8, 39 Am. St. Rep. 290; Beh v. Bay, 127 Iowa [246] 247, 103 N. W. 119, 109 Am. St. Rep. 385."

To the same effect, see Wheatley v. Fairfield, 221 Iowa 66, 75, 264 N. W. 906; Smith v. Russell, 223 Iowa 123, 128, 272 N. W. 121; Bagley v. Bates, 223 Iowa 836, 841, 273 N. W. 924.

In the case of Bagley v. Bates, supra, we held that, where a motion to strike an amendment to petition was sustained and no appeal was taken from such ruling, the contentions asserted in the amendment to petition could not be made the basis of a subsequent action between the same parties, stating; at page 844 of 223 Iowa, at page 928 of 273 N. W., as follows:

"The ultimate question to be determined in both actions is whether or not the deeds should be set aside, and this question might and could have been determined in the former action. It may be that the lower court sustained defendant's objection to the filing of the amendment to plaintiff's petition in the former action because it was filed too late, it being filed after the submission of that case. Thul v. Weiland, 213 Iowa 713, 239 N. W. 515. It may also be that such action of the lower court in the former case was prejudicial, but in either event these matters are not before us now for review, as the ruling of the lower court in striking out the amendment was never appealed from. The court's action was, therefore, a final adjudication and cannot be reviewed in the present action."

In the early case of White v. Watts, 18 Iowa 74, 78, we likewise held that the rulings on two motions to set aside a default constituted adjudications, which were binding in a subsequent action between the same parties, stating as follows:

"Then what effect shall be given to the orders of the court, overruling these motions? The object of the motion made in February, 1862, was to set aside plaintiff's default. The second was for a like purpose, * * *. So far as relates to the decree and plaintiff's default, we are of the opinion that he is concluded by the rulings of the court on said motions, and that he cannot be now heard to gainsay the correctness of such adjudications."

In the case of Scott v. Scott, 174 Iowa 740, 747, 156 N. W. 834, 837, the defendant in a divorce proceedings sought to set aside a decree against him on the ground that the court did not have jurisdiction. The record showed that the defendant filed a

special appearance challenging the jurisdiction. The special appearance was overruled. Defendant did not plead to the merits nor did he appeal from the ruling on the special appearance. Decree was entered against him. This court held that he could not thereafter assert that the decree was void for want of jurisdiction because of the adjudication to the contrary, which was binding upon him, stating as follows:

"We are not to be understood as approving or disapproving this ruling. All now held is that the defendant, having procured an adjudication on the issue as to whether the court had jurisdiction to entertain the suit, is not in a situation to ignore the same and treat or have treated the decree as a nullity. Possibly on appeal it might have been reversed. But defendant did not avail himself of that remedy. Having invoked the power of the court to pass on the issue of whether it had jurisdiction to hear, depending on the facts as the court might find them, and decide, its decision thereon was quite as conclusive and no more subject to collateral attack than had the ruling been on the merits of the case. The court erred in treating the decree of divorce as void, * * *."

Applying the foregoing pronouncements to the record herein, we are of the opinion and hold that the ruling on the petition to vacate the judgment herein is an adjudication which is binding upon appellant. Appellant was then before the court. It was asking that the court determine whether or not the service upon Stahlhut conferred jurisdiction over appellant. The question was decided adversely to appellant. No appeal was taken from such decision. The decision became final. Appellant cannot again litigate the same questions that were or might have been determined upon its petition to vacate the judgment. The trial court so held. Its decision is correct.

This brings us to the question of the effect of the Indiana judgment. Appellant asserts that it is an adjudication that the Iowa judgment is invalid and that, under section 1, Article IV of the Constitution of the United States, the Iowa

courts must give full faith and credit to the Indiana judgment and to such adjudication. We have held repeatedly that constitutional questions cannot be raised for the first time in this court. Andrew v. Farmers & Merchants State Bank, 215 Iowa 1150, 1157, 247 N. W. 797; Talarico v. City of Davenport, 215 Iowa 186, 190, 244 N. W. 750; State v. West, 197 Iowa 789, 790, 198 N. W. 103. We have also held that, to present a constitutional question, specific reference must be made to the clause of the constitution relied upon and the reasons must be asserted for the application of such clause. Peverill v. Board of Supervisors, 201 Iowa 1050, 1056, 205 N. W. 543. The constitutional question here asserted was not so raised below. But if it were to be entertained here, the contentions are without merit.

■ The full faith and credit clause requires the courts of one state to give to the judgment of a court of another the same effect that is accorded such judgment in the latter state. Bowen v. Bowen, 219 Iowa 550, 552, 258 N. W. 882; In re Guardianship of Baxter, 191 Iowa 407, 182 N. W. 217; Secor v. Siver, 165 Iowa 673, 146 N. W. 845. Under such clause, since the Iowa judgment has been adjudicated to be valid in Iowa, the Indiana court should have enforced such judgment. It refused to do so. We know of no decision which would support the proposition that, if a judgment has been adjudicated to be valid and enforcible by a court in Iowa, but enforcement of such judgment is thereafter refused by a court in Indiana, the Iowa court must then follow the example of the Indiana court and also refuse to enforce such judgment. We are unwilling to so construe the full faith and credit clause.

The estoppel asserted by appellees applies herein. That asserted by appellant does not. The decree is affirmed.—Affirmed.

HAMILTON, C. J., and MITCHELL, STIGER, HALE, OLIVER, and BLISS, JJ., concur.