SOUTHERN SURETY COMPANY OF NEW YORK, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

No. 41221.

DECEMBER 15, 1932.

Stipp, Perry, Bannister & Starzinger, for appellant.

Gamble, Read & Howland, for appellee.

DE GRAFF, J.—The appellant appeals on two counts. It becomes necessary to set out an extended statement of the facts in the case and the proceedings taken in the matter by the parties involved in the action.

C. W. Wills was in the employ of Earl Cooper of Newton, Iowa, and both employer and employee had elected to be subject to the provisions of the Iowa Workmen's Compensation Law. The appellant, Southern Surety Company of New York, had issued to the employer a workmen's compensation insurance policy which covered the employee. While engaged in the course of his employment, on January 11, 1929, Wills received personal injuries in some manner, not disclosed by the record, while the switch crew of the appellee, Chicago, Rock Island & Pacific Railway Company, was engaged in switching cars on the premises of the employer, Earl Cooper. The insurance company made compensation payments under its policy to the injured employee and for medical services rendered him, under the provisions of the law, to an amount of $1,189. A suit for damages against the Railway Company was commenced in the district court of Jasper County, Iowa, by Wills, but was later dismissed by him. The record is not clear as to whether the appellant intervened in or was a party to that suit. After the dismissal of the Jasper County district court case, another suit was brought by Wills in the district court of Steele County, Minnesota, to recover damages from the Railway Company. The dates of the commencement of these two suits are not definitely fixed by the record. It is not shown that the appellant became a party to or intervened in the Minnesota action. It appears that the claim adjusters of the insurance company and the Railway Company were assiduously engaged in looking after the case and co-operated in their attempt to effect some settlement with Wills. It also appears that the Railway Company continuously denied liability for the injury received by Wills. On or about August 13, 1930, a proposition for settlement was made by Wills to the Railway Company in writing as follows:

"1,350.00                              Kellerton, Iowa, August 13, 1930.

"This certifies that if the Chicago, Rock Island and Pacific Railway Company will pay me by draft at Kellerton, Iowa, within a reasonable time (ten days) the sum of One Thousand Three Hundred Fifty and no/100 dollars I hereby agree to accept the said

sum in full payment and satisfaction of all claims, of whatsoever kind or description, arising from or growing out of all damages by reason of personal injuries received at or near Newton, Iowa, Jan. 11, 1929. It being agreed in this proposition that the Railway Company to take care of liens of Tautges, Wilder & McDonald, in Minnesota, and of the Southern Surety claim for compensation and Attorney R. J. Bannister of Des Moines. It being agreed that on payment to me I will dismiss any and all suits now pending in Minnesota and Iowa. This is my only proposition of settlement and it is agreed it is not to be used against me, in case trial is forced on me in either court.

(Signed) "C. W. Wills.

"In presence of undersigned
witnesses:
"R. G. Coffman."

It is evidenced by the following stipulation, entered into by counsel for the parties in the trial in the lower court, that the foregoing proposition for settlement was accepted by the Railway Company.

"It is stipulated and agreed by and between the parties hereto that the jury is waived in this case, and the same may be tried and submitted to the court. It is further stipulated and agreed that the said C. W. Wills on January 11, 1929, was employed by Earl Cooper, Newton, Iowa, and while so employed was injured by reason of a car of the defendant company passing over his hand on a sidetrack, while being moved or shifted on the premises of Earl Cooper. It is further stipulated and agreed that claim was made by the said C. W. Wills that his injuries were caused by the negligence of the defendant, and without contributory negligence on his part, and that he brought suit in the District Court of Jasper County, Iowa, against the defendant for said injuries. That later and shortly prior to the date set for trial of said suit he dismissed the same and brought suit again in the District Court of Steele County, Minnesota, being represented by the firm of Tautges, Wilder & McDonald, attorneys of Minneapolis, Minnesota. That while suit was pending against the defendant company in the State of Minnesota to recover for said injuries the defendant entered into certain negotiations with said C. W. Wills looking to the compromise and settlement of any claims which he might have; that the defendant secured from said

C. W. Wills a proposition of settlement in writing, the original of which is marked Exhibit A and made a part of this stipulation and offered in evidence; that following the execution of said proposition of settlement of said C. W. Wills on or about the 13th day of August, 1930, the defendant herein accepted said proposition and paid to C. W. Wills at Kellerton, Iowa, on August 18, 1930, the sum of $1,350.00 and that the said C. W. Wills at that time executed to the defendant a general release covering all claims or causes of action which he then had or claimed to have against the defendant on account of said injury."

The appellant's cause of action is based on two counts: (1) That upon its payment of compensation, under the Iowa Workmen's Compensation Law, to Wills, it had a lien on the claim for damages of Wills against the Railway Company and was entitled to indemnity for the amount so paid by it. (2) That in the settlement made with Wills by the Railway Company there was an agreement that the appellee was to take care of (or in other words, to pay) the claim of the appellant insurance company for the amount it had paid Wills.

I. Whatever lien on, indemnity, or subrogation of rights to Wills' claim against the Railway Company the appellant had, must have arisen out of the provisions of the Iowa Workmen's Compensation Law. Section 1382, Code 1927, dealing with "third party" cases, as pertains to this action, reads as follows:

"When an employee receives an injury for which compensation is payable * * * and which injury is caused under circumstances creating a legal liability against some person other than the employer to pay damages, the employee * * * may take proceedings against his employer for compensation, and * * * may also maintain an action against such third party for damages. When an injured employee * * * brings an action against such third party, a copy of the original notice shall be served upon the employer by the plaintiff, not less than ten days before the trial of the case, but a failure to give such notice shall not prejudice the rights of the employer, and the following rights and duties shall ensue:

"1. If compensation is paid the employee * * *, the employer by whom the same was paid, or his insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made * * * and shall have a lien on the claim for

such recovery and the judgment thereon for the compensation for which he is liable. In order to continue and preserve the lien, the employer or insurer shall, within thirty days after receiving notice of such suit from the employee, file, in the office of the clerk of the court where the action is brought, notice of the lien.

"2. In case the employee fails to bring such action within ninety days * * * after written notice so to do given by the employer or his insurer, * * * then the employer or his insurer shall be subrogated to the rights of the employee to maintain the action against such third party, and may recover damages for the injury to the same extent that the employee might. In case of recovery, the court shall enter judgment for distribution of the proceeds thereof as follows:

"a. A sum sufficient to repay the employer for the amount of compensation actually paid by him to that time.

"b. A sum sufficient to pay the employer the present worth * * * of the future payments of compensation for which he is liable, * * *.

"c. The balance, if any, shall be paid over to the employee.

"3. Before a settlement shall become effective between an employee or an employer and such third party who is liable for the injury, it must be with the written consent of the employee, in case the settlement is between the employer or insurer and such third person; and the consent of the employer or insurer, in case the settlement is between the employee and such third party; * * *."

This appears to be a very clear, concise, and simple provision, under which subrogation of rights may be had, and an equally simple and expedient course to pursue to avail one's self of those rights. Particular attention is called to the positive status which the third party must occupy before any recovery can be had against him either by an injured employee, the employer, or the insurer; and that is that the injury for which damages may be recovered must have been caused under circumstances which created a legal liability on such third party to pay damages. That status must have been established either by an action at law or an admission on the part of the third party. A mere allegation of guilt will not place a third party in the required status. A confession or a conviction is necessary. As regards the lien of the employer or the insurer, Section 1382 (1) plainly says that it shall be "on the claim for such

recovery and the judgment thereon," and as for the indemnity to the employer or insurer, it says, "shall be indemnified out of the recovery of damages." Particular provisions have been made to continue and preserve such lien. If, however, in a suit for damages brought against the third party by an employee, no verdict is rendered in his favor, or where no damages are paid for under an admission of liability, then, of course, the lien becomes unenforcible.

In the suit for damages brought against the appellee by Wills in the district court of Jasper County, Iowa, it is indicated that in some manner the insurance company was preserving its lien; but on dismissal of that action, the record does not show that there were any further steps taken to continue and preserve the lien. It is nowhere shown in the record that the insurer or the employer availed themselves of the provisions of Subsection 2 of Section 1382. There is no evidence that any demand was made by the employer or insurer that Wills must bring suit for damages. It is clearly stated in Subsection 2 that, "in case the employee fails to bring such action within ninety days, * * * after written notice so to do given by the employer or his insurer, * * * then the employer or his insurer shall be subrogated to the rights of the employee to maintain the action." It would appear that, inasmuch as the expressed conditions under which such rights were to be acquired by the employer or his insurer have not been followed, then there has been no subrogation of the rights of the employee to maintain an action. It is shown that Wills commenced two suits with the knowledge of the appellant, therefore it cannot be successfully claimed that the employee failed to bring an action within ninety days after written notice by the employer or insurer to do so. As to the agreement made by Wills and the Railway Company through which his suits were dismissed and the consideration paid thereunder to Wills, we have this to say: The railway company was faced with the fact that Wills had been injured, and even though it may have been wholly without fault and in no way legally liable to respond in damages to Wills, two actions had already been commenced against it, and extended litigation was apparent, and it preferred to rid itself of trouble, and therefore obtained a settlement with Wills. This settlement in no manner admitted any liability to respond in damages. Agreements to avoid litigation are lawful, and they are encouraged. This court in the case of Renner v. Model L. C. & D. Co., 191 Iowa 1288, has dealt with similar questions and entered into an extensive

survey of covenants not to sue, releases, etc. Since that opinion was written there have been some changes in the wording of the Iowa law governing the matter. In Southern Surety Co. v. C. St. P. M. & O. R. Co., 187 Iowa 357, a similar proposition was before us. As the law then read, the employer or insurer was entitled to indemnity *from the person* so liable to pay damages. Under the present law the employer or insurer is to be indemnified *out of the recovery of damages*. If no recovery for damages is had, then it appears that there can be no indemnity enforced. Under the law as it formerly read, the employer or the insurer was "subrogated to the rights of the employee to recover therefor" against the third party whenever the employee recovered compensation under the act. In the present law the subrogation of right of the employee to maintain an action against a third party occurs only when and if the employee fails to bring an action for damages within ninety days after written notice to do so is given him by the employer or insurer. In this case Wills brought two actions and dismissed them both. The net result thereof was that there was ho action upon which recovery of damages was had and judgment rendered thereon. Any lien possessed by the insurance company on any recovery of damages by the employee, if continued and preserved as provided, still exists, in the absence of other questions which might be raised.

With regard to the settlement made between the employee and the railway company, Subsection 3 of Section 1382 very plainly says that it shall become effective upon the consent of the employer or insurer. This consent has been withheld, therefore such agreement is not effective as respects the employer or insurer. This court cannot hold, however strongly contended for by counsel for appellant, that the agreement made between the employee and the railway company was an admission of liability on the part of the railway company, nor that the payments made under such agreement were for damages. The agreement was admitted in evidence in an attempt to establish as a fact that it constituted such an admission and the payment thereunder was for damages; but the trial court, sitting as a jury in the case, considered such evidence and refused to hold that any such admission or payment had been made. The many cases cited by counsel in support of his contention bear on the question of admissibility of such evidence, and none attempt to say that such evidence establishes an admission of liability *per se*.

The right of Wills to sue the Railway Company was at his

option. He could have remained passive and been content with the compensation due him from his employer. His refusal to sue the Railway Company for damages would have in no way affected his right to receive the compensation. If he could refuse to bring an action without affecting his rights to compensation, how can his agreement to dismiss his action and agree not to bring further actions affect the relations of the employer and insurer with the railway company? The Workmen's Compensation Law, by its provisions, gave the employer and insurer certain stated rights, and if, by any chance, they failed to avail themselves of those rights, then they cannot complain. As said in Langdon v. Ahrends, 166 Iowa 636:

"There is a manifest distinction between an admission of liability and a promise to pay damages, direct or implied; and an offer to buy one's peace or to compromise and settle without respect to legal liability. The law favors compromises and protects one in his efforts to adjust disputed claims, by making his offers privileged * * *. Whether or not such admissions are by way of compromise and to buy one's peace, or are mere admissions of liability and express or implied promises to pay, are primarily questions of fact for the trial court in determining the admissibility of the testimony. (Citing cases.)"

The trial court, having passed upon the agreement between Wills and the Railway Company, did not impliedly hold that it was an admission of liability, nor that the payments to be made thereunder were to be considered as payment for damages; therefore this court sees no reason to overrule the trial court's decision on these points.

No argument is necessary to show that the rights given an employer or insurer under Section 1382 are not comparable with those given an attorney under Section 10924, Code 1927. To the former certain rights are given under specific conditions: to wit, when an employee receives an injury "under circumstances creating a legal liability against some person other than the employer to pay damages." Those rights are predicated solely upon an established fact: that is, that the third party is legally liable. Without this foundation, no lien or subrogation of rights may be claimed. No attempt whatever has been made by the appellant insurance company to lay the statutory foundation upon which it may assert any rights granted by Section 1382, Code 1927.

■ II. It is urged that the contract between Wills and the railway company was made for the benefit of the insurance company, and that by its terms it obligates the railway company to pay appellant the amount it paid Wills under the Workmen's Compensation Law. The agreement states plainly that the railway company is "to take care of Southern Surety claim for compensation," and it may be conceded that this referred to the compensation payments that the insurer had made to Wills. The phrase "to take care of" may have many interpretations, depending upon the connection in which such phrase is used. It is equivalent to the phrase "attend to," or, in another direction, "defend against." To construe the phrase as used in this agreement as implying that it means "shall pay," is going too far; especially when the very foundation upon which the railway company could be made to pay has never been laid. Wills and the railway company were contracting for their own benefit. It appears to be more reasonable to suppose that the phrase referred to was intended to be used in an antagonistic rather than a conciliatory sense, and that it pertained to one of those bridges to be crossed when it was reached. We have perused the cases cited in support of appellant's contention and others, with the result that we are of the opinion that by this agreement no obligation to pay the amount expended by the insurer without further action was intended by the parties thereto.

It is strongly impressed upon us that the appellant's rights as granted under the provisions of the Workmen's Compensation Law have not been taken away nor interfered with by either the employee or the appellee railway company. Such rights inure upon certain specified conditions, and it is manifestly impossible to substitute other rights for those conferred. The appellant did not sustain the burden imposed upon it by the Workmen's Compensation Law in establishing the legal liability of the appellee to respond in damages for injury to Wills, and in consequence, the decision of the trial court should be, and is,—Affirmed.

STEVENS, C. J., and EVANS, FAVILLE, ALBERT, KINDIG, WAGNER, and MITCHELL, JJ., concur.