AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, appellant, v. STATE AUTOMOBILE INSURANCE ASSOCIATION et al., appellees.

No. 48655.

(Reported in 72 N.W.2d 88)

SEPTEMBER 20, 1955.

Deck & Mahr, of Sioux City, for appellant.

Mallonee & Mallonee, of Audubon, for appellees.

GARFIELD, J.—Plaintiff, insurer under the Workmen's Compensation law (chapters 85, 86, Codes, 1950, 1954) of Michael-Leonard Co., brought this law action under Code section 85.22 as subrogee of P. H. Underwood, employee of Michael-Leonard, to recover from third parties for personal injuries to him. The petition was dismissed on defendants' motion. From judgment of dismissal plaintiff has appealed.

The appeal involves the construction of Code section 85.22, especially subsection 5 thereof, chapter 64, Acts of Fifty-second General Assembly (1947). We have never before considered the meaning of subsection 5. Some provisions of section 85.22 were before us in Iowa National Mutual Ins. Co. v. Chicago, B. & Q. R. Co., 246 Iowa 971, 68 N.W.2d 920.

In addition to the matters above stated plaintiff's petition alleges: an automobile operated by defendant Tracy North, owned by defendant Sears North, struck the rear of a car in which Underwood was seated; the resulting injuries to Underwood arose out of and in the course of his employment by Michael-Leonard and were compensable; plaintiff has paid for medical, hospital and nursing care furnished Underwood and as compensation to him about $1500 and will be required to make additional payments therefor in the future; plaintiff served written notice on Underwood to bring action against defendant Norths as they caused said injuries under circumstances creating a legal liability but Underwood failed to bring said action within 90 days after receipt of the notice, stating he had exe-cuted a covenant not to sue said Norths; defendant Sears North carried automobile liability insurance in defendant State Automobile Insurance Association; representatives of the three defendants negotiated a settlement with Underwood so that upon payment of $22.90 they received from him three months after he was injured a covenant not to sue, copy of which was attached; plaintiff claims under the Workmen's Compensation law it is subrogated to all rights of Underwood to maintain this action to recover for his injuries; said covenant not to sue creates a legal liability upon defendants for said injuries; plaintiff is en-

titled to recover from defendants the money it was and will be required to pay Underwood for said injuries; Underwood was damaged by said injuries to the extent of $35,000.

Defendants' motion to dismiss alleges the petition is insufficient because: it states no grounds of negligence against them which were the proximate cause of Underwood's injuries nor that he was free from contributory negligence; Code section 85.22 is designed merely to provide an insurance carrier a remedy against an injured employee, not a third party, and to enable the carrier to collect from the employee any payments made to him by a third party; it is not shown a previous action had been commenced against defendants by plaintiff or Underwood to recover for his injuries or that defendants ever admitted any legal liability therefor; the petition is an attempt to do something unconstitutional since it is designed to deny defendants their right to defend and prove themselves free from negligence which caused the injuries.

The trial court sustained the motion to dismiss upon the above grounds.

Code section 85.22 under which this action is brought, so far as now material, provides:

"Liability of others—subrogation. When an employee receives an injury for which compensation is payable * * * and which injury is caused under circumstances creating a legal liability against some person other than the employer to pay damages, the employee * * * may take proceedings against his employer for compensation, and * * * also maintain an action against such third party for damages. When an injured employee * * * brings an action against such third party * * * the following rights and duties shall ensue:

"1. If compensation is paid the employee * * * the employer by whom the same was paid, or his insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made, * * *.

"2. In case the employee fails to bring such action within ninety days, * * * after written notice so to do given by the employer or his insurer, * * * then the employer or his insurer shall be subrogated to the rights of the employee to maintain the

action against such third party, and may recover damages for the injury to the same extent that the employee might. In case of recovery, the court shall enter judgment for distribution of the proceeds thereof as follows:

"*a.* A sum sufficient to repay the employer for the amount of compensation actually paid by him to that time.

"*b.* A sum sufficient to pay the employer the present worth * * * of the future payments of compensation for which he is liable, * * *.

"*c.* The balance, if any, shall be paid over to the employee.

"3. Before a settlement shall become effective between an employee or an employer and such third party who is liable for the injury, it must be with the written * * * consent of the employer or insurer, in case the settlement is between the employee and such third party; or on refusal of consent, * * * then upon the written approval of the industrial commissioner.

"4. * * *.

"5. *For subrogation purposes hereunder,* any payment made unto an injured employee, * * * by or on behalf of any third party, his or its principal or agent liable for, *connected with, or involved in causing an injury* to such employee shall be considered as having been so paid as damages resulting from and *because said injury was caused under circumstances creating a legal liability against said third party,* whether such payment be made under a covenant not to sue, compromise settlement, denial of liability or otherwise." (Italics added.)

Subsection 5 was added as an amendment to the statute by chapter 64, Acts 52d General Assembly (1947). The title to chapter 64 reads: "AN ACT to amend section eighty-five point twenty-two (85.22), Code, 1946, by adding at the end thereof a separate subsection prescribing the force and effect for subrogation purposes under the workmen's compensation law of payments made unto an injured employee, * * * by any third party, his or its principal or agent liable for, connected with, or involved in causing the injury to such employee."

Plaintiff in effect concedes that if it were not for subsection 5 it has not stated a cause of action since it has not alleged the

injuries to Underwood were caused by the negligence of the driver North nor that Underwood was free from contributory negligence. Such concession seems called for by our decisions under what is now section 85.22 prior to the addition of subsection 5 thereto in 1947. Southern Surety Co. of New York v. Chicago, R. I. & P. Ry. Co., 215 Iowa 525, 531, 245 N.W. 864 ("This court cannot hold * * * the agreement made between the employee and the railway company was an admission of liability on the part of the railway company, nor that the payments made under such agreement were for damages."); Renner v. Model Laundry, Cleaning & Dyeing Co., 191 Iowa 1288, 1293, 1294, 184 N.W. 611, 613; Disbrow v. Deering Implement Co., 233 Iowa 380, 387, 389, 9 N.W.2d 378, 382.

Other courts, in the absence of a statutory provision such as subsection 5 of section 85.22, hold a settlement between an alleged third party wrongdoer and an injured employee is not an admission of the former's liability for the injury. United States Fid. & Guar. Co. v. New York, N. H. & H. R. Co., 101 Conn. 200, 205, 125 A. 875, 877 ("Defendant's settlement with the employee cannot be taken as an acknowledgment by it of its legal liability."); Whitney v. Louisville & N. R. Co., 296 Ky. 381, 177 S.W.2d 139; Western Maryland Ry. Co. v. Employers Liability Assur. Corp., 163 Md. 97, 161 A. 5; Texas Employers Ins. Assn. v. Fort Worth & D. C. Ry. Co., Tex. Civ. App., 181 S.W.2d 828; 71 C. J., Workmen's Compensation Acts, section 1609.

Plaintiff maintains, however, that under subsection 5, quoted above, for subrogation purposes the payment to Underwood by or on behalf of defendants "shall be considered as having been so paid as damages resulting from and because said injury was caused under circumstances creating a legal liability against said" defendants, even though such payment was made under a covenant not to sue and that it was therefore error to sustain defendants' motion to dismiss.

We see no escape from the conclusion that, as against defendants' motion to dismiss, the petition states a cause of action under section 85.22, as amended by the addition of subsection 5. The statute now plainly provides, as plaintiff contends, that for subrogation purposes such a payment as plaintiff alleges

defendants made the injured employee shall be considered as having been paid because the injury was caused under circumstances creating a legal liability against them.

The title to the amending Act (chapter 64, Acts of 52d General Assembly), above quoted, indicates the legislature intended to make some change in the existing law and to prescribe the force and effect for subrogation purposes of such a payment as plaintiff alleges defendants made Underwood. We think the amendment was intended to have the force and effect plaintiff contends for it. No other reasonable or plausible meaning of subsection 5 has been suggested.

Since the petition, in view of section 85.22, alleges a legal liability against defendants for the injuries to Underwood plaintiff was not required to assert grounds of negligence against them nor Underwood's freedom from contributory negligence. Defendants' contention that section 85.22 as now amended is designed merely to provide an insurance carrier a remedy against an injured employee, not a third party, and to enable the carrier to collect from the employee any payments made to him by a third party is obviously without merit and contrary to the plain language of the statute. This is defendants' principal suggestion as to the meaning and effect of subsection 5.

Defendants argue subsection 5 applies only to rights between the employer or his insurer and the injured employee, not to any rights of the employer or insurer against the third party. The argument is that under the facts here the only effect of subsection 5 is to enable plaintiff-insurer to recover from Underwood, the injured employee, the $22.90 paid him by representatives of defendants. Nothing in subsection 5 so provides.

The first words of subsection 5, "For subrogation purposes hereunder," clearly refer back to subsection 2 which states "the employer or his insurer shall be subrogated to the rights of the employee to maintain the action *against such third party,* and may recover damages for the injury to the same extent that the employee might." (Emphasis added.) Section 85.22 contains no other reference to subrogation.

The meaning of subsection 5 evidently is that for purposes of an action by the employer or his insurer as subrogee of the

injured employee *against the third party* to recover damages for the injury any payment made to employee by or on behalf of the third party shall be considered as having been paid as damages resulting from and because the injury was caused under circumstances creating a legal liability *against the third party*. It is not questioned that this is such an action as provided for by subsections 2 and 5.

It is apparent that an action by the employer's insurer to collect from the injured employee a payment received by him from representatives of the third party would not be such an action as referred to in subsections 2 and 5. It would not be against the third party at all. He would have no interest in it. The only parties interested in such an action would be the insurer and the employee. Nor would the insurer bring the action against the employee as his subrogee. No rights of subrogation would be involved. In such an action the insurer would merely be seeking partial reimbursement or indemnity for the compensation paid.

It is evident from subsections 1, 2 and 5 of section 85.22 the legislature was aware of the distinction between indemnity and subrogation. Subsection 1 provides the employer or his insurer "shall be indemnified out of the recovery of damages to the extent of" compensation paid. As before explained, subsections 2 and 5 refer to rights of subrogation. 27 Am. Jur., Indemnity, section 2, page 457, states: "Indemnity is clearly distinguishable from the right of subrogation * * * whereby an employer is entitled to recover his loss resulting from the injury of an employee by the negligence of a third person."

Renner v. Model Laundry, Cleaning & Dyeing Co., 191 Iowa 1288, 184 N.W. 611, Southern Surety Co. of New York v. Chicago, R. I. & P. Ry. Co., 215 Iowa 525, 245 N.W. 864, and Disbrow v. Deering Implement Co., 233 Iowa 380, 9 N.W.2d 378, heretofore referred to, did not involve the statutory subrogation rights of the employer or his insurer to recover from a third party damages for injury to an employee. The third party was not a defendant in the Renner and Disbrow cases in which the employer or its insurer was denied recovery against representa-

tives of the injured employee of payments received from a third party.

Altho, the third party was a defendant in the Southern Surety Company case, supra, we there said at page 530 of 215 Iowa: "It is nowhere shown * * * the insurer or the employer availed themselves of the provisions of Subsection 2 of Section 1382. There is no evidence that any demand was made by the employer or insurer that Wills must bring suit for damages. * * * there has been no subrogation of the rights of the employee to maintain an action."

If, as defendants contend, subsection 5 was intended merely to permit the employer or his insurer to recover from the injured employee a payment made to him by a third party, the legislature failed to express such intent. The opening language of the subsection, "For subrogation purposes hereunder," rebuts any such intent. In fact nothing in subsection 5 indicates the legislature thereby intended to take anything away from the injured employee.

■ Other grounds of defendants' motion to dismiss are also without merit. Nothing in section 85.22 required plaintiff or Underwood to commence a previous action against defendants to recover for Underwood's injuries. The effect of the payment defendants made Underwood under his covenant not to sue, if subsection 5 is to be given its plain meaning, is in the nature of an admission of liability against defendants which plaintiff now seeks to enforce.

■ As previously stated, the motion to dismiss asserts "the petition is an attempt to do something unconstitutional since it is designed to deny defendants their right to defend and prove themselves free from negligence which caused the injuries." Defendants do not allege that any part of section 85.22 is unconstitutional, nor point out the particular constitutional provision they claim is violated by what plaintiff is attempting to do, nor the manner or respect in which it is violated. Defendants' assertion of unconstitutionality is therefore insufficient. Doyle v. Kahl, 242 Iowa 153, 156, 46 N.W.2d 52, 54; Dickinson v. Porter, 240 Iowa 393, 399, 35 N.W. 2d 66, 71, appeal dismissed 338

U. S. 843, 70 S. Ct. 88, 94 L. Ed. 515, and citations; Martin Bros. Box Co. v. Fritz, 228 Iowa 482, 492, 292 N.W. 143.

Moreover defendants have not argued any claim of unconstitutionality. No such question is properly before us and we decline to decide it. Indeed we express no opinion upon any matter not presented to us.

██ Nor will the ruling on the motion to dismiss be upheld here upon a ground not asserted in the trial court. No conclusion is expressed as to whether the motion to dismiss should have been sustained if additional grounds had been urged in support of it. Gross v. Hocker, 243 Iowa 291, 296, 51 N.W.2d 466, 468, 469, and citations; Stickleman v. Synhorst, 243 Iowa 872, 876, 52 N.W.2d 504, 507.

It may be conceded subsection 5 of section 85.22 is a drastic statute. However, subsection 3 of 85.22 provides a simple method by which defendants could have proceeded to make a settlement with Underwood that would be effective against plaintiff-insurer. Defendants could have sought the consent of the insurer to the settlement (doubtless they could have done so in the absence of a statute) or, upon plaintiff's refusal of consent, that of the industrial commissioner. Presumably the commissioner would approve a reasonable settlement to which the insurer refused to consent. If neither the insurer nor the commissioner would consent to the proposed settlement, defendants, in effect, had the option not to make it or to settle with the employee charged with knowledge that under subsection 5 for subrogation purposes it would be "under circumstances creating a legal liability against" them.

Evidently the representatives of defendants who negotiated this settlement with Underwood made no attempt to procure the consent of plaintiff or the commissioner thereto but proceeded to make it charged with knowledge of the force and effect it would have under subsection 5 for subrogation purposes.

Traders & General Ins. Co. v. West Texas Utilities Co., 140 Texas 57, 165 S.W.2d 713, lends support to our decision.—Reversed.

BLISS, WENNERSTRUM, SMITH, HAYS, THOMPSON, and LARSON, JJ., concur.

MULRONEY, J., and OLIVER, C. J., dissent.

MULRONEY, J. (dissenting)—I respectfully dissent from the opinion of the majority.

It is almost an understatement to say the construction placed by the majority on subsection 5 of section 85.22, Code, 1954, results in a "drastic statute." It means the employer's insurer can recover full damages in a negligence action without allegation or proof of negligence. One could expect the legislature to spell out such legislative intent in rather clear language. I feel the plain simple construction of subsection 5 gives no such right to the plaintiff here.

Prior to the enactment of subsection 5 this court held in a number of cases that where the injured employee settled with a third party, under circumstances where there was no admission of liability, the subrogation rights of the employer or his insurer did not extend to the fruits of the settlement, without allegation and proof that the third party was legally liable for the employee's injury and damage. Renner v. Model Laundry, Cleaning & Dyeing Co., 191 Iowa 1288, 184 N.W. 611; Southern Surety Co. of New York v. Chicago, Rock Island & Pacific Ry. Co., 215 Iowa 525, 254 N.W. 864; Disbrow v. Deering Implement Co., 233 Iowa 380, 9 N.W.2d 378. In the cited cases the employer or his compensation insurer sought to have credited on the amount it was to pay the injured employee the amount the latter received from a third person involved in the injury to the employee. In all of them we held there could be no credit allowed until the employer or his insurer established the legal liability of the third party.

All that subsection 5 was designed to do, and, in my opinion all that it does, is give the employer or his insurer that which was denied in our decisions in the cited cases. In other words the earlier paragraphs of section 85.22, Code, 1954, gave the employer and his insurer the right to a credit in the amount of the sum recovered by the employee from a third party by litigation. The new section (subsection 5) gives the employer or his insurer the same credit in the event of settlement of the litigation however accomplished. The employer or his insurer is entitled to the credit of the settlement sum without necessity

of proving legal liability. This seems to me perfectly clear for subsection 5 states it is "any payment made" by way of settlement that is to be considered as damages resulting under circumstances creating a legal liability. In effect subsection 5 merely makes the settlement sum the same as a judgment recovery by the employee.

Of course the employer or his insurer is not limited to the settlement sum. That is all he can secure as a credit on the compensation liability without pleading and proof of legal liability. No agreement between the injured employee and third party will deprive the employer or his insurer of the right to recover in a subrogation action where legal liability is alleged and established. Renner v. Model Laundry, Cleaning & Dyeing Co., supra. I would affirm.

OLIVER, C. J., joins in this dissent.