WIGGINS, Justice
(dissenting).
I would find the plaintiffs’ constitutional claims justiciable and remand the case for further proceedings on the merits of those *44 claims. Therefore, I dissent from Justice Mansfield’s opinion[29] and Chief Justice Cady’s concurring opinion because they reach the merits of the plaintiffs’ claims under the education clause, the due process clause, and the privileges and immunities clause of the Iowa Constitution even though the State did not raise the merits of these issues on appeal. I also dissent from these opinions because they reach the issue that plaintiffs’ petition failed to state a claim. Further, I dissent from Justice Waterman’s concurring opinion because he finds the constitutional claims nonjusticia-ble.
A supreme court is “a court of final review and not first view.” Zivotofsky ex rel. Zivotofsky v. Clinton, 566 U.S. -, -, 132 S.Ct. 1421, 1430, 182 L.Ed.2d 423, - (2012). Our cases stand for the proposition that we may affirm the district court on any basis appearing in the record and urged on appeal by the appellee. See, e.g., In re Estate of Voss, 553 N.W.2d 878, 879 n. 1 (Iowa 1996); Johnston Equip. Corp. v. Indus. Indem., 489 N.W.2d 13, 17 (Iowa 1992); see also Chauffeurs, Teamsters & Helpers, Local Union No. 238 v. Iowa Civil Rights Comm’n, 394 N.W.2d 375, 378 (Iowa 1986) (stating we may decide issues on appeal not reached by the district court where they have been raised in the district court and fully briefed and argued by the parties on appeal). This rule is rooted in the principle of fairness, and we have consistently applied it in our cases.
For example, in State v. Seering, 701 N.W.2d 655 (Iowa 2005), we held the ap-pellee waived certain arguments on appeal even though the issues were raised in and decided by the district court because the appellee failed to present the arguments in his appellate briefs. 701 N.W.2d at 661-62. In Parkhurst v. White, 254 Iowa 477, 118 N.W.2d 47 (1962), we held the appellee waived an issue presented to the district court but not briefed on appeal. 254 Iowa at 480-81, 118 N.W.2d at 49. Similarly, in American Mutual Liability Insurance Co. v. State Auto. Insurance Association, 246 Iowa 1294, 72 N.W.2d 88 (1955), we concluded an alternative constitutional claim was not before us because the appellee failed to assert the claim on appeal. 246 Iowa at 1303, 72 N.W.2d at 93.
This case provides further support for the reasons underlying our rule of error preservation. Here, the district court determined the plaintiffs’ amended petition alleged facts sufficient to meet our notice pleading standard. See Hawkeye Foodservice Distribution, Inc. v. Iowa Educators Corp., 812 N.W.2d 600, 608 (Iowa 2012) (declining to adopt a heightened pleading standard). The district court then dismissed the plaintiffs’ claims as nonjusticia-ble political questions. On appeal, the plaintiffs’ argued in their appellate brief that its claims were not nonjusticiable political questions. The plaintiffs did not argue the merits of their constitutional claims or argue that their petition met our pleading standard. Indeed, because the district court did not address the merits of the constitutional claims and ruled in the plaintiffs’ favor on the pleading issue, it would have been unnecessary and strategically unwise to do so unless the defendants raised these issues on appeal. However, the defendants, the prevailing parties below, only argued in their appellate briefs that the plaintiffs’ constitutional claims presented nonjusticiable political ques *45 tions. The defendants did not argue the plaintiffs’ petition failed to meet our pleading standard. Therefore, under our rule of error preservation, the only issue briefed by the parties on appeal, and thus subject to consideration by this court, is the issue of whether the plaintiffs’ constitutional claims present nonjusticiable political questions.
In order to reach the merits of the plaintiffs’ claims and to determine the plaintiffs’ petition failed to state a claim, Justice Mansfield’s opinion and Chief Justice Cady’s concurring opinion rely on the proposition that we can uphold a district court decision on a ground different from the one upon which the district court based its decision as long as the ground was urged in the district court. See DeVoss v. State, 648 N.W.2d 56, 68 (Iowa 2002). As already noted, this proposition stands for only half of our rule regarding error preservation. These opinions ignore the other half of the rule requiring the parties to brief the issues in this court. In fact, the cases upon which Justice Mansfield’s opinion relies to support its proposition support the two-part rule. Granted, we examined issues in Martinek v. Bemond-Klemme Community School District, 772 N.W.2d 758 (Iowa 2009), Fennelly v. A-1 Machine & Tool Co., 728 N.W.2d 168 (Iowa 2006), and Emmert v. Neiman, 245 Iowa 931, 65 N.W.2d 606 (1954), that the district court did not address. However, a review of the appellate briefs in these eases, which are on file at the state law library, reveals that the parties on appeal briefed the alternate or additional grounds upon which we relied.
Justice Mansfield’s opinion also relies on Erickson v. Erickson’s Estate, 191 Iowa 1393, 180 N.W. 664 (1920), for its proposition that we can affirm on a ground raised in the trial court but not argued in this court. However, Erickson is but a relic of an earlier time. Although we have never expressly overruled Erickson, it seems nearly a century of case law has destroyed its precedential value. Surely Johnston Equipment Corporation and Voss articulate rules of error preservation that have at the very least impliedly overruled Erickson. In reaching these issues, Justice Mansfield’s opinion has effectively overruled the ninety years of case law since Erickson and returned us to its archaic principle. After this decision, if an appellant wants to further inform the court as to its argument, it seems the appellant must expand upon every argument raised at the district court in its appellate brief, regardless of whether the district court ruled in its favor on a particular issue and unprompted by any action by the appellee. Otherwise,, the appellant risks this court deciding an issue no party expected this court to decide. In other words, every issue presented to the district court, no matter how irrelevant to its decision it may seem, becomes relevant on appeal.
Further, neither the merits of the plaintiffs’ constitutional arguments nor the sufficiency of the pleadings are inextricably intertwined with the issue of whether the plaintiffs’ claim sets forth a political question.[30] The district court decided the polit *46 ical question issue without reference to the other issues concerning the education, due process, and privileges and immunities clauses of the Iowa Constitution. We can and should do the same.
Justice Mansfield’s opinion may argue the parties raised these issues on appeal because they discussed them during oral argument. However, the opinion’s rationale that the parties preserved these issues for our consideration on appeal fails for two reasons. First, on resubmission Justice Mansfield precipitated the references to these unbriefed issues by asking questions on these issues not raised in this appeal.[31] Justice Mansfield’s opinion cannot claim the parties preserved these issues by raising them through questioning by the court. Second, our case law is unwavering in the proposition that we will not decide or consider issues raised for the first time during oral argument. See Dilley v. City of Des Moines, 247 N.W.2d 187, 195 (Iowa 1976) (citing cases for this proposition dating back to 1959).
There is a sound reason for this latter proposition. Chief Judge Posner noted, “[I]t would not be quite cricket of us to place [our] decision on the ground” that was not raised until the oral argument on appeal because the other party may have been lulled into thinking its opponent was fighting the case on another issue. Principal Mut. Life Ins. Co. v. Charter Barclay Hosp., Inc., 81 F.3d 53, 56 (7th Cir.1996).
Justice Mansfield’s opinion and Chief Justice Cady’s concurring opinion are perfect examples of this principle. Their analysis regarding the education clause, due process clause, and privileges and immunities clause of the Iowa Constitution are entirely their own. For example, when discussing the merits of the plaintiffs’ claim under the education clause, Justice Mansfield’s opinion provides its own analysis of article IX, division 2, section 3 of the Iowa Constitution. This section provides, in relevant part, “The General Assembly shall encourage, by all suitable means, the promotion of intellectual, scientific, moral, and agricultural improvement.” Iowa Const, art. IX, div. 2, § 3 (1857 original version).
Justice Mansfield’s opinion and the concurring opinion of Chief Justice Cady fail to consider article IX, division 1, section 12, which states:
The Board of Education shall provide for the education of all the youths of the State, through a system of Common Schools and such school shall be organized and kept in each school district at least three months in each year. Any district failing, for two consecutive years, to organize and keep up a school as aforesaid may be deprived of their portion of the school fund.
Id. art. IX, div. 1, § 12.
Although the legislature abolished the board of education referred to in section 12 in 1864 and replaced it with the superintendent of education, the predecessor to the present department of education, the citizens of this state never repealed the substance of 1857 article IX, division 1, *47 section 12. See 1864 Iowa Acts ch. 52 §§ 1-15. In fact, this court used the substantive provisions of article IX, division 1, section 12 to integrate Iowa schools four years after the legislature abolished the board of education. See Clark v. Bd. of Dirs., 24 Iowa 266, 274 (1868) (quoting article IX, division 1, section 12 by stating “that provision shall be made ‘for the education of all the youths of the State through a system of common schools,’ which constitutional declaration has been effectuated by enactments providing for the ‘instruction of youth between the ages of five and twenty-one years’ ”). In Clark, the court recognized the Iowa constitutional rights of all children to obtain an education and that the education provided by the state must be provided equally to all children. Id. at 272-77. The analyses in Justice Mansfield’s opinion and the concurring opinion of Chief Justice Cady of this important issue without allowing the parties to properly brief and argue it deprives the plaintiffs of their day in court.[32] As Justice Stevens of the Supreme Court noted, “[T]he adversary process functions most effectively when we rely on the initiative of lawyers, rather than the activism of judges, to fashion the questions for review.” New Jersey v. T.L.O., 468 U.S. 1214, 1216, 104 S.Ct. 3588, 3585, 82 L.Ed.2d 881, 883 (1984) (Stevens, J., dissenting) (emphasis added).
Justice Mansfield’s opinion and the concurring opinion of Chief Justice Cady perfectly illustrate the reasons for Justice Stevens’ warning. These opinions address the merits of the plaintiffs’ claims in order to dismiss the case. In doing so, these opinions fail to fully explore the parameters of the right to an education guaranteed by the Iowa Constitution. These opinions pick article IX, division 2, section 3 of the Iowa Constitution to evaluate the merits of the case even though the parties did not brief or raise this section on appeal. To compound their mistake, these opinions fail to address the education clause found in article IX, division 1, section 12 of the Iowa Constitution on the grounds the parties did not raise it in the district court. In other words, to reach a desired result, these opinions pick and choose which arguments to make and which arguments not to make under their own error preservation rule. To me, it is inconsistent to decide the case on appeal on issues and arguments the parties did not raise below, but to deny the plaintiffs their day in court to develop all of their arguments fully, including those arguments they could have made under article IX, division 1, section 12 of the Iowa Constitution.
These opinions also frame their own arguments regarding equal protection and due process without the input of the attorneys on appeal and subsequently knock those arguments down to reach a desired result in this case. The fairest way to resolve these issues is not for the court to pick and choose sua sponte which issues and arguments to decide and which- to ignore, but rather to remand the case to the district court for the parties to frame *48 and fully brief all arguments relevant to this important issue.
An additional reason we do not decide issues raised for the first time during oral argument is that it would be unfair to second-guess the strategy of the State. It may have made a conscious decision not to raise the alternative ground on appeal. See Fencl v. City of Harpers Ferry, 620 N.W.2d 808, 811-12 (Iowa 2000) (stating that “we may still affirm if there is an alternative ground, raised in the district court and urged on appeal, that can support the court’s decision”). Maybe the State wanted to focus the appeal on what it thought was its best chance for affir-mance. By not urging an alternative ground on appeal, the State may have conceded that it would not win on its motion to dismiss for failure to state a cause of action under our liberal notice pleading rules. It is possible the State decided it wanted to win on a summary judgment instead of procedural grounds. It also may have decided it would have had a better chance of prevailing on a motion for summary judgment after better developing a record. See, e.g., Fitzgerald v. Racing Ass’n of Cent. Iowa, 589 U.S. 103, 110, 123 S.Ct. 2156, 2161, 156 L.Ed.2d 97, 105 (2003) (deciding a constitutional claim in favor of the State after a motion for summary judgment); Vamum v. Brien, 763 N.W.2d 862, 907 (Iowa 2009) (deciding a statute was unconstitutional after developing the record in a summary judgment proceeding); Ames Rental Prop. Ass’n v. City of Ames, 736 N.W.2d 255, 263 (Iowa 2007) (deciding an ordinance was constitutional after developing the record in a summary judgment proceeding); City of Waterloo v. Selden, 251 N.W.2d 506, 510 (Iowa 1977) (finding the summary judgment record affirmatively established at least one rational basis, and therefore, the statute was constitutional).
Finally, an appeal is between the attorneys and the parties they represent. Our law clerks and judges should not be doing the work of counsel or making strategic decisions on which issues to appeal. See United States v. Wagner, 103 F.3d 551, 552 (7th Cir.1996). We are not advocates and should not usurp a party’s strategy.
The public has criticized this court for reaching out and deciding issues not raised or briefed on appeal. This is another case for the critics to add to their list. We cannot have a rule of law that we reach out and decide an issue not briefed or pressed by the parties on appeal in order to achieve a desired result. Only time will tell if the court will apply this rule in a principled fashion or if the court will use it to achieve results favored by the shifting majorities of the court. In particular, it would be a most unfortunate development to see a liberal approach to preservation to deny individual rights, and a “gotcha” or cramped approach to preservation in order to avoid consideration of issues that would tend to vindicate individual rights. See, e.g., Mulhern v. Catholic Health Initiatives, 799 N.W.2d 104, 123 (Iowa 2011) (Wiggins, J., dissenting) (explaining the majority decided the case on an issue not tried in the district court or argued on appeal).
I do not see how we can continue to assert in criminal cases that error not preserved on appeal is “waived,” or how we can say the failure to cite authority in a criminal case leads to waiver when, in this case, we have no briefing whatsoever on issues other than on the political question issue.
Further, because Justice Mansfield’s opinion and concurring opinion of Chief Justice Cady reach the merits of the constitutional issues, they appear to overrule our decision in Racing Association of Central Iowa v. Fitzgerald (RACI), 675 *49 N.W.2d 1 (Iowa 2004), without the benefits of an appellate brief by the parties. In those cases, we said, in deciding a state constitutional equal protection challenge, we first determine whether the legislature had a valid reason to treat similarly situated persons differently. RACI, 675 N.W.2d at 7. Next, we decide if this reason has a basis in fact. Id. at 8.
There is no way we can do a proper analysis under our existing law as to whether the reason for the disparity has a basis in fact without the plaintiffs’ evidence and arguments on the issue. It appears members of the court want to overrule RACI. It is their prerogative to do so. However, without the plaintiffs briefing the issue, members of the court are promoting their own agenda. It would have been nice if the plaintiffs had weighed in on these issues.
There will be time enough to sort through the complicated issues in this case. We do a disservice to the ordinary judicial process by deciding this case without briefing in this court and without a fuller development in the district court. As noted by the Missouri Supreme Court in the context of an education case, “It is unwise for courts to shortcut procedural requirements necessary to fully and fairly address the substantive issues in cases of great public significance, when those same procedures would be required without pause in cases of lesser magnitude.” Comm, for Educ. Equal, v. State, 878 S.W.2d 446, 454 (Mo.1994). In fact, I was unable to find any case dealing with a state’s education clause that reached this important issue when the parties did not brief it on appeal.
Justice Mansfield’s opinion also cites the political activity of the other branches of government as a reason to address the issues that were not appealed. I would answer the justification given by Justice Mansfield’s opinion by noting the judicial branch is different from the other branches of government. The legislative and executive branches set their own agenda and decide what issues they want to address. The judicial branch is different. We do not decide issues unless a party in a legal action has raised the issues in the district court, has fully briefed the issues on appeal, and has asked us to reach the issues on appeal. In short, we do not set our own agenda.
We only decide issues raised and briefed by the parties. To do otherwise is nothing more than Justice Mansfield’s opinion and the concurring opinion of Chief Justice Cady setting their own error preservation rules to reach issues not urged on appeal. Here, the State did not brief the issues reached by Justice Mansfield’s opinion and the concurring opinion of Chief Justice Cady in this appeal. Moreover, the State did not ask us to reach those issues. The mere fact the legislative and executive branches are dealing with education issues does not give this court the license to weigh in on those issues.
This important case calls for judicial restraint. Members of the court should not be espousing their own views on issues not raised or briefed in this court. Accordingly, I would remand the case to the district court for further proceedings on the constitutional claims.
HECHT and APPEL, JJ., join this dissent.

. Justice Mansfield's opinion appears to be a plurality opinion because it reaches the merits of the plaintiffs' claims under the education clause, due process clause, and privileges and immunities clause of the Iowa Constitution. Although Justice Waterman concurs in the opinion, he does so by finding the plaintiffs’ claims to be nonjusticiable political questions just as the district court did.

. In special concurrences, members of this court urged the majority to abandon the contact-sports exception when neither party so urged in their briefs. See Feld v. Borkowski, 790 N.W.2d 72, 81 (Iowa 2010) (Wiggins, J., specially concurring); id. at 82 (Appel, J., concurring in part and dissenting in part). The specially concurring members argued the issue of abandonment of the contact-sports exception was inextricably intertwined with the case because, under the particular circumstances of the case, resolution of the contact-sports-exception-issue was necessary for the proper disposition of the case on retrial. Feld, 790 N.W.2d at 85 (Appel, J., concurring in part and dissenting in part); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 246-47 n. 12, 102 S.Ct. 252, 261 n. 12, 70 L.Ed.2d 419, 430 n. 12 (1981) (courts may consider questions outside the scope of the issues of the order granting review when resolution of *46 those issues is necessary to properly dispose of the case). However, the majority rejected the arguments made in the special concurrences in Feld, and thus, the law of this State required a party to brief and argue an issue in this court before we would consider it on appeal. Even if the special concurrences in Feld were applicable in this case, the merits of the issues reached by Justice Mansfield's opinion and the concurring opinion of Chief Justice Cady were not inextricably intertwined with the political question issues raised by this appeal. The majority and special concurrences seem to signal a shift in our error preservation rules.

. Within the first three minutes of the plaintiffs’ oral argument, Justice Mansfield began asking questions about the equal protection clause.

. Justice Mansfield's opinion and the concurring opinion of Chief Justice Cady ignore this constitutional argument because it was not raised in the district court. To me, it is inconsistent to decide the case on appeal on issues and arguments that were not raised below, but to deny the plaintiffs their day in court to develop all of their arguments fully, including those arguments they could have made under article IX, division 1, section 12 of the Iowa Constitution. After all, the State did not appeal the merits of this case. If these opinions had not reached beyond the arguments presented by the parties on appeal and we had decided this appeal in favor of the plaintiffs solely on the issue of political question, it is logical to conclude. the plaintiffs would have had the opportunity to develop more fully their arguments in the district court on remand.